### 17103. LATTIMORE v. LUMBERMEN'S MUTUAL CASUALTY CO. et al.

The industrial commission, under the facts of this case, had no authority to reopen the case and diminish the compensation given to the claimant in its original award, and the order of the commission, directing a hearing on the question of dependency, was void.

DECIDED APRIL 14, 1926. REHEARING DENIED MAY 10, 1926.

Appeal; from Ware superior court—Judge Reed. September 19, 1925.

Application for certiorari was made to the Supreme Court.

*E. W. Edwards, Taylor & Spurlin,* for plaintiff.

*Wilson, Bennett & Pedrick,* for defendant.

BROYLES, C. J. 1. The workman's compensation act (Ga. L. 1920, p. 167), section 45, provides that "upon its own motion before judicial determination, or upon the application of any party .in interest *on the ground of a change in condition* (italics ours), the industrial commission may at any time review any award or any settlement made between the parties and filed with the commission, and, on such review, may make an award ending, diminishing, or increasing the compensation previously awarded or agreed upon, subject to the maximum or minimum provided in this act, and shall immediately send to the parties a copy of the award. No such review shall affect such award as regards any monies paid." This section of the act provides for cases in which, after an award has been made, conditions have changed for some reason that makes a readjustment of the award necessary. *Gravitt* v. *Georgia Casualty Co.,* 158 *Ga.* 613, 614 (1) (123 S. E. 897).

2. Where the employer and the claimant reach an agreement in regard to compensation, and a memorandum of the agreement is filed with, and approved by, the industrial commission, and thereupon the commission makes an award to the claimant, and notice of the award is given to the interested parties, the award is final and can not be set aside, diminished, or increased, unless the parties disagree as to the continuance of any weekly payment under the agreement. Ga. L. 1920, p. 167, sections · 55, 56.

3. In the instant case an agreement was entered into between the claimant and the employer as to the payment of compensation

Workmen's Compensation Acts, C. J. p. 132, n. 76.

and death benefits. The agreement set forth the facts as to the employment of the deceased, his earnings, his contributions to the claimant, the cause of his death, and the dependency of the claimant. The agreement, however, did not specifically show whether the claimant was wholly, or only partially, dependent. A memorandum of the agreement was duly filed with the commission and approved by it, and the commission thereupon made its award, finding for the claimant a weekly compensation of $4.86 for a period of three hundred weeks, and notice of the award was mailed to the interested parties. No application for a review of the award was made by any of the parties, except that the commission received a letter from the insurance carrier of the employer in which it was alleged that the award of the commission was based upon the total dependency of the claimant, whereas it should have been based upon partial dependency. The letter ended with suggesting that the commission review the agreement and the award. Thereafter the commission gave notice of a hearing to determine the question of dependency, and the hearing was had before one of the commissioners, who, upon the evidence adduced, found that the claimant was entitled to an award for partial dependency only, and she was awarded $1.05 a week for three hundred weeks. The claimant appealed, and the award was concurred in by the full commission. The claimant then carried the case to the superior court, and made a motion that the court refuse to sustain the award of the industrial commission, for the reason that the original award was a final award, and from it there had been no appeal as provided by law, and that the commission had no authority to make any other award in the case. Under the rulings stated above, the industrial commission had no authority to reopen the case and to diminish the compensation given to the claimant in its original award, and the order of the commission, directing a hearing on the question of dependency, was void, and the court should have so declared it when the matter was brought to its attention by the claimant. This error rendered the further proceedings in the case nugatory.

*Judgment reversed. Luke, J., concurs. Bloodworth, J., not participating, on account of illness.*