INDIANAPOLIS PUMP AND TUBE COMPANY *v.* SURFACE.

[No. 12,827.   Filed April 5, 1927.]

1. MASTER AND SERVANT.—*Mistake in amount of award under Workmen's Compensation Act would not warrant review of award because of change in condition.*—Where there has been no change in injured employee's condition since date of award of compensation under the Workmen's Compensation Act, the Industrial Board had no authority to review the award because of changed condition, although a mistake was made in the amount of the award.   p. 59.

2. MASTER AND SERVANT.—*Remedy of injured employee for mistake in amount of award is application to vacate the award.*— Where, by mistake, an award of compensation under the Workmen's Compensation Act was not for as much as the law required, the remedy of the employee, if any, was an application to vacate the award because of the mistake and not for review.   p. 59.

From Industrial Board of Indiana.

Proceeding under the Workmen's Compensation Act by Harry Surface for review of an award of compensation, opposed by the Indianapolis Pump and Tube Company, employer. From an order increasing the amount of the award, the employer appeals. *Reversed.* By the court in banc.

*Pickens, Davidson, Gause & Pickens*, for appellant.
*Leland Rees*, for appellee.

MCMAHAN, C. J.—Appellee, on July 24, 1924, while in the employ of appellant, received a compensable in-

jury. On August 4 following, appellant and appellee entered into an agreement wherein it was agreed that appellee should receive compensation for twenty weeks, beginning July 24, at the rate of $10.59 per week, for fifty per cent. loss of the use of the index finger on the left hand. This agreement was approved by the Industrial Board August 23, 1924. Compensation was paid in accordance with this agreement to August 27, on which date, the Industrial Board, on application and agreement of the parties, authorized the payment of the balance in a lump sum, which was done, and the receipt of appellee therefor was filed with the Industrial Board August 29, 1924. On October 27, 1924, appellee filed an application for a review of the award on account of a change in conditions. This application appears to have been made on what is designated "Form No. 14," a form, as we understand, furnished by the Industrial Board. There are eight reasons set out in the application for review, each being connected with the one preceding and the one following, by the disjunctive conjunction "or." Some of the reasons for review are contradictory. One states that the disability of the employee has increased, while one states the disability has diminished. One says the disability has ended, and another that the injury has resulted in a permanent partial impairment. It would seem that ordinary care and prudence on the part of those preparing and filing these applications would dictate that the reasons not applicable should be stricken out, and that if two or more of the reasons remain, the word "or" should be stricken out and the word "and" inserted. In the application now under consideration, we observe an "X" precedes the second and sixth reasons for review, and while there is nothing to indicate it, we will assume these are the two particular grounds for review. No. 2

states the disability has increased, and No. 6, that the injury has resulted in a permanent partial impairment.

A hearing was had December 10, 1924, before a single member of the board who, without making any finding as to whether there had or had not been any change in the employee's condition, denied the application.

On July 21, 1925, appellee filed another application for review, using form 14, without in any manner indicating which of the eight reasons therein he relied on as grounds for a review. This application was later dismissed by the Industrial Board, and on April 12, 1926, appellee filed another application for review on account of change in condition, using form 14, and placing an "X" in front of causes two and six. Appellant filed a motion to dismiss this application for the reason that it was filed after the expiration of one year from the termination of the compensation period fixed in the original award. To this appellee filed his affidavit stating that he was then under the age of twenty-one and would not be twenty-one years old until December 31, 1926. This application for review was heard by two members of the board April 28, 1926, when the motion to dismiss was overruled, and appellee was awarded forty weeks compensation at the rate of $10.59, for the loss of more than two phalanges of the index finger of the left hand, credit to be given for the twenty weeks' compensation theretofore paid. On petition for review, the full board found that, at the time of the injury, appellee was but nineteen years of age, and without guardian or trustee; that, at time of injury, he was in the employ of appellant at a weekly wage of $19.25; that an agreement for compensation had been entered into and approved for a fifty per cent. loss of the use of the finger as hereinbefore

stated; that, after said agreement, appellee had two operations on the finger, and had on October 27, 1924, filed an application for review; that, on the hearing of that application, appellee appeared without counsel; that the award made on said application by the hearing member failed, except inferentially, to show there was any change in condition even though there had been at least two operations when material portions of the finger had been removed and that, beyond question, more than two phalanges of the finger had been lost by amputation. The board then found the facts as to the filing and dismissal of the second application for review on account of change in condition since the agreement of August 4, 1924; that through oversight, probably caused by the fact that appellee was not represented by counsel and had no medical witnesses and that the extent of the loss of the finger could only be determined by medical testimony or an X-ray, a mistake had been made in the award following.

Upon these facts, the board awarded appellee compensation at the rate of $10.59 for forty weeks, to be paid in cash in a lump sum, credit to be given for compensation theretofore paid.

This appeal is from the last award. The errors assigned are: (1) That the Industrial Board erred in overruling appellant's motion to dismiss the application; (2) that the Industrial Board did not have jurisdiction, as the application for review was filed after one year from the termination of the compensation period fixed in the original award; (3) the award is contrary to law; and (4) the finding and award are not sustained by sufficient evidence.

We are not called upon to determine what effect appellee's minority had on the question as to the time within which he was required to file his application for a review. The application was filed and an award was

made in his favor, which appellant contends is not sustained by the evidence, and is contrary to law.

The undisputed evidence shows there has been no change in appellee's condition since the award which he seeks to review was made, and the board so found. The fact that a mistake was made, if one was made, by the board in the award sought to be reviewed, is not ground for a review because of change in condition. A mistake is no ground for reviewing an award because of change in condition. Appellee's remedy, if any, was by application to vacate because of mistake.

The award being contrary to law must be and is reversed.

Dausman, J., absent.