# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

WISE COAL AND COKE COMPANY (Employer),
OCEAN ACCIDENT AND GUARANTEE CORP. (Insurer)
v. J. W. ROBERTS.

January 14, 1932.

Present, Holt, Epes, Hudgins and Browning, JJ.*

---

*Prentis, C. J., was present at the argument but died before decision was rendered.   Argued before Chinn, J., was appointed.

The opinion states the case.

*James H. Price* and *L. C. Caldwell*, for the plaintiffs in error.

*Verney B. Tate*, for the defendant in error.

HUDGINS, J., delivered the opinion of the court.

The employer and the insurance carrier complain of an award of the Industrial Commission entered on June 10, 1931, allowing J. W. Roberts, the claimant, $12.00 a week for 131¼ weeks for seventy-five per cent loss of the use of the left leg, payment beginning as of November 26, 1923.

The first error assigned is that the claimant did not use reasonable diligence in filing his application for a hearing, and that because of the delay the appellants have been prejudiced.

It appears that the claimant was injured by an accident which occurred on October 28, 1923; that he and the employer agreed on a settlement, which was approved by the Commission, and that he was paid in full the sum agreed on.

The petitioners admit that the statute fixes no limitations on the time in which a party may make application to review an award on the ground of change in condition of the injured party, other than the total number of weeks for which injury may be compensable, and that such time had not expired when the application was filed.

The petitioners contend that to permit the claimant to file such an application after a delay of nearly seven years opens the door for the perpetration of fraud upon both employers and carriers, because in this mechanical age accidents from

various causes frequently occur, and an employee suffering an accident compensable under the statute may have a complete settlement for his then condition, may later terminate that employment and even leave the United States, may subsequently suffer another injury entirely unconnected with his former employment, and claim his later disability was due to the first injury; thus placing upon the employer the responsibility of keeping in touch with and watching over each and every employee who receives an injury while in his employment, regardless of where such employee may subsequently go.

The reply to this contention is that the workmen's compensation act (Code 1930, section 1887[1] *et seq.*) expresses the public policy of this State towards both the employer and the employee, and makes the particular industry liable in the first instance for any and all injuries to employees arising out of and in the course of that employment, and fixes compensation according to the extent of the disability resulting therefrom. No contract, rule, or regulation will relieve, in whole or in part, any employer of this responsibility, if such employment comes within the provisions of the act. The injured employee may sign a release in full, with the consent and approval of the Commission, yet if the degree of disability due to the accident subsequently increases and the claimant files an application so stating, such a release is no bar to recovery. See opinion by Judge Campbell in *Old Dominion Land Co.* v. *Messick*, 149 Va. 330, 141 S. E. 132.

While admitting that the statute fixes no limitation for filing such an application, the court is asked to hold as a matter of law that seven years is an unreasonable time; in other words, the court is asked to do what the legislature has not seen fit to do, *i. e.*, fix a time limit in which an application based on a change in condition must be filed. The petitioners realize that such a request to a court must be based upon

more than trouble and difficulty in obtaining the proof, for they allege in their petition that this delay has prejudiced their rights. The evidence, however, does not sustain this contention.

The undisputed evidence shows that the claimant, after the injury, went back to work for the same employer and continued in the service of the company until 1930, and reported his condition to it on numerous occasions. There was time and opportunity for the employer to observe the claimant and, if necessary, have him examined. No witnesses were called by the petitioners, not even the doctor who treated the claimant at the time of the injury, nor the officers or employees of the company with whom he talked from time to time about his condition, although the record shows that these witnesses were available. Under these circumstances, the petitioners have not shown that they have been prejudiced by the delay.

■■ The petitioners further contend that by section 25 the claimant is barred from a hearing before the Commission because the claim was not filed within a year from the time of the accident.

The filing of an agreement in regard to compensation in accordance with section 57 (Code 1930, section 1887[57]) is conclusive of the fact that the employer and the employee came under the provisions of the act; that the injury resulted from an accident which arose out of and in the course of the employment, and that the Commission had jurisdiction over the parties for the enforcement and regulation of the compensation due, or which might become due, for the injury; hence the limitation made in section 25 (Code, section 1887[25]) does not apply. *U. S. Cas. Co.* v. *Smith*, 34 Ga. App. 363, 129 S. E. 880; *Gravitt* v. *Cas. Co.*, 158 Ga. 613, 123 S. E. 897; *Lattimore* v. *Lumbermen's Mutual Co.*, 35 Ga. App. 250, 133 S. E. 291; *Donk Bros.* v. *Ind. Com.*, 325 Ill. 193, 156 N. E. 344; *Franklin County Mining Co.* v. *Ind. Com.*, 322 Ill. 555, 153 N. E. 608.

The next error assigned is that the evidence submitted is not sufficient to support the award.

██ While no formal pleadings are required in a case before the Commission, still the application for a hearing should in an informal way apprise the opposite party of the basis, or ground, relied upon for relief. The claimant here stated in his application that he was claiming an award because he "had been continuously disabled from the accident sustained by him on October 28, 1923." No objection was raised to the form of the application and the parties seem to have proceeded under the provisions of section 47 (Code, section 1887[47]), which gives the Commission authority to review an award on an application based on the ground of change in condition. The Commission stated that "the whole question is narrowed down to the extent of the disability of the 1923 injury," and found that as of that time the disability was seventy-five per cent loss of the use of the left leg, and ordered payment to begin as of November 26, 1923.

██ This statement of the question at issue and the finding thereon ignore the fact that an agreed settlement approved by the Commission has the force and effect of an award. Section 1887 (57). In the absence of fraud, duress or other facts which would entitle the parties to invoke the aid of a court of equity for reformation of a contract, such an award is binding upon both parties, unless the statute provides otherwise.

Section 47 (Code, section 1887[47]) adds only one ground for the re-opening of an award made by the Commission, i. e., a change in condition of the injured party.

The settlement approved by the Commission in 1923 was based upon the following facts: That the claimant while in the act of moving a mine car slipped and fell, striking his left hip on the end of a railroad tie; the report of the attending physician that he had a "sprained back, lower lumbar

region, sprained left hip joint, and there seems to be some injury to left spermatic cord"; the estimate by the doctor that he would be disabled from two to four weeks; that on December 8, 1923, the claimant signed a final receipt, stating that his disability had terminated, and that he returned to work on November 26, 1923. These facts are not seriously questioned by the claimant.

■ Under these circumstances, the questions of fact to be determined are (1) did the claimant suffer a change in condition after December 8, 1923; (2) if so, when did the change take place and did it result from the accident; (3) the extent of the disability. *Franklin County Mining Co.* v. *Ind. Com.*, *supra; Ind. Pump & Tire Co.* v. *Surface*, 86 Ind. App. 55, 155 N. E. 835; *Lattimore* v. *Lumberman's Mutual Co., supra; Globe Indemnity Co.* v. *Lankford*, 35 Ga. App. 599, 134 S. E. 357, 358; *Biker* v. *Ind. Com.*, 328 Ill. 641, 160 N. E. 180.

The burden was on the claimant to prove these facts. His testimony, if taken literally, would show that there was no change in condition, because when asked on the stand what was the condition of his leg or hip when he went back to work, he replied that it was in the same condition in 1923 that it was then, and that he had no use of it at all. This cannot be true, because it appears from his own testimony that while the accident happened on October 28, 1923, he was not disabled from work until November 5th, and that he returned to the same kind of work on November 26, 1923, and continued to perform manual labor until May 23, 1925, and on that date was one of four laborers engaged in unloading heavy mine timbers from cars, when one of the timbers slipped and jammed him against the side of the car, injuring the left groin and hip, which casued him to lose eight or nine days from work, and that shortly after this injury the hip was in about the same condition that it was prior thereto, as he expressed it, "it got back kindly like it was before I was jammed up in here"; that in March, 1930,

he was again injured, resulting in hernia, for which he was operated on in November of that year. He further states that after the injury in 1923, he could not do as much work as he could before, and the only lay witness, Pat Wells, called in his behalf, stated that claimant could not do half as much work after the injury as he did before. It appears that he was made foreman some time between 1923 and 1930; that his work in this capacity was not as hard as it had been, and that his earnings were better than those of the average man engaged in work of that character.

The claimant failed to file with the Commission a claim for the 1925 injury, but in May, 1930, he wrote a letter to the Commission claiming injury to his hip as a result of the accident in 1925, but in this letter made no reference to the accident which occurred in 1923. Doubtless he was informed that not having filed a claim within a year from the time of the accident in 1925 the statute of limitation barred any claim for compensation for that injury.

At the hearing in February, 1931, his then condition, in the language of Dr. G. B. Setzler, is described as follows: " * * * We feel that the leg is disabled to the extent of seventy-five per cent. Anatomically speaking, we would consider the leg was 100 per cent disability, but considering the fact that he has used it over a period of seven years and worked during that time we felt seventy-five per cent would be a reasonable estimate of the functional disability. * * *

"In case this thing is a sarcoma, the fracture could have happened and he not known it (until) recently. We are presuming that enlargement is the result of an old fracture and callous thrown out. If it is sarcoma, then you have got that question coming up whether the injury of 1923 had anything to do with it whatever. If it is sarcoma you could get his present disability without having spread over that date.

"Q. On the other hand, doctor, if he had this fracture in

1923, which is indicated, sarcoma may or may not have arisen thereof?

"A. Yes, sir."

The evidence does not show that there was a fracture of the hip as a result of the 1923 accident, it only shows a sprain in the left hip joint. The claimant insists in his testimony that there was no change in the condition of the leg since the date of the accident. If this be true, then he must show facts and circumstances which would justify the Commission in setting aside the settlement agreed upon. No attempt was made to do so. The only other evidence even tending to show a causal connection between his condition at the time of the hearing in February, 1931, and his condition at the time of the accident was the statement made by the claimant to the effect that Dr. Short, when making out his report of the accident to the Commission on November 12, 1923, told him that he might lose the use of that leg on account of injury to the muscle, and that he would never be able to do the manual labor he did before the accident. After receiving this information, he entered into an agreement with his employer as to the amount of his compensation, signed a settlement receipt stating that his injury had terminated, returned to work, and some two and a half years later received another more or less severe injury, and at one time claimed that the disability of the hip was due to this second accident.

When there is a conflict in the evidence, the finding of fact by the Commission is final and conclusive upon this court, but, as the late Chief Justice Prentis said, in *Scott* v. *Willis*, 150 Va. 260, 263, 142 S. E. 400: "If in fact there be no evidence upon which an award can be legally based, then clearly an award which is unsupported by evidence is an illegal award. It is almost, if not quite, equivalent to a demurrer to the evidence."

The Commission found as a fact that the loss of the

use of the leg occurred at the time of the accident, and the application is based on such a state of facts, but there is no proof as to when the change in condition of the claimant occurred, whether it resulted from a natural cause or whether it resulted from the injury of 1925. The doctors' testimony suggests that the condition of the claimant may have arisen from a natural cause, in which event the petitioners would not have been liable, or it might have been the result of an old fracture; but there is no evidence that the accident of 1923 caused the fracture.

When a claimant has delayed this long, whether from ignorance or otherwise, to file an application for a review of an award on account of a change in condition, he should be required to prove by clear and convincing evidence that his condition at the time of the filing of the application is due to the original accident. Vague, indefinite and contradictory statements of the claimant himself should not be accepted as proof.

The award is illegal because there is no reliable evidence showing that the loss of the use of the leg resulted from any accident for which petitioners are liable.

*Reversed.*