MORGAN v. WOOLEY.

[No. 15,804. Filed March 3, 1937.]

*Harry R. Lewis* and *James J. Lewis,* for appellant.

*E. J. Boleman, Burrell Wright, Jacob S. White* and *George C. Forrey III,* for appellee.

KIME, J.—This comes here from a final award of the full Industrial Board. By setting out the stipulation of the parties herein made on June 17, 1935, an understanding of the matters leading up to the case at bar can be had. This stipulation is as follows: "It is stipulated and agreed by and between the plaintiff and defendant that the plaintiff received an injury on February 15, 1933, arising out of and in the course of his employment, of which the defendant had knowledge and furnished the necessary medical attention. That on April 20, 1933, a compensation agreement was entered into by and between the plaintiff and defendant wherein it recited that the plaintiff should receive compensation at the rate of $8.80 per week during temporary total disability, not exceeding the period fixed by law. Said agreement was approved by the Industrial Board of Indiana on May 12, 1933. Under the terms of said agreement compensation was paid for a period of eighty-four days, disability ceasing on May 9, 1933, and final receipt Form 28 was filed with the Industrial Board on May 27, 1933. Thereafter, on June 16, 1933, a Form 14 was filed with the Industrial Board, alleging therein that the disability of said employee on account of said injury had recurred since the date of said

award, and that the disability of said employee on account of said injury had increased since the date of said award, and as the result of said injuries he has lost the sight of his right eye. It is also alleged in the application that the injury has resulted in a permanent partial impairment.

"Thereafter, on November 14, 1933, the case was heard before Sam P. Vogt, Industrial Board member, and an award was made for twenty-five per cent loss of vision to the right eye, at the rate of $8.80 per week, for a period of thirty-seven weeks. That on December 23, 1933, a Form Number 28 was filed with the Industrial Board showing that thirty-seven and four-sevenths weeks' compensation had been paid to the plaintiff. That thereafter, on July 10, 1934, another Form Fourteen was filed with the Industrial Board, alleging therein that said injury resulted in an increased permanent partial impairment. Before the filing of said application a good faith effort was made to settle the matters in dispute, and a disagreement arose.

"It is now stipulated and agreed by and between the parties that there has been an increased permanent partial impairment to the right eye, resulting in a seventy-five per cent loss of vision of the right eye.

"It is further stipulated and agreed that the defendant shall have credit for all compensation heretofore paid." An award was made, as by law required, and no review was sought thereon.

On October 23, 1935, appellant filed another application for the review of the award on account of change in condition. At a hearing thereon the single member found for the claimant that he "has suffered the loss of the entire sight of his right eye and is entitled to a total of 150 weeks permanent partial impairment or an additional 37½ weeks at $8.80 a week," and entered an award thereon. On a review by the full board a major-

ity found "for the defendant on plaintiff's application to review an award because of a change in the vision of plaintiff's right eye since the award dated June 28, 1935, and entered an award for appellee thereon, with costs taxed against the appellant. It is from this award that appellant comes here assigning as error that such award is contrary to law and is not supported by sufficient evidence.

Under the facts of this case and the act the parties are bound by the *proof* made at the previous hearing, upon which the finding was predicated, since fraud, gross irregularity, mistake or the question of jurisdiction is not raised. The main fact in issue, when an application for a change in the physical condition has been made is whether or not the physical condition, as established by the evidence at the previous hearing has changed since that time. *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603. In the case at bar the only evidence admitted at the hearing on June 17, 1935, was the stipulation above set out, which contained the following: "It is now stipulated and agreed by and between the parties that there has been an increased permanent partial impairment to the right eye, resulting in a seventy-five per cent loss of vision of the right eye." The single member made an award accordingly. At the hearing had on December 9, 1935, on the petition filed by appellant for review on account of change in his physical condition the uncontradicted evidence discloses that appellant was on said date totally blind in his right eye. This shows an increased impairment of vision of 25% which is a change in his physical condition as established at the time of the stipulation and award of June 17, 1935.

Since all of the evidence introduced at the last hearing is to the effect that appellant is totally blind in his right eye the Industrial Board is hereby directed to

enter an award in favor of appellant for 150 weeks permanent partial impairment with credit for payments already made.