SWIFT & COMPANY *v.* NEAL.

[No. 16,304. Filed January 18, 1939.]

*Louis L. Roberts* and *William L. Irons,* for appellant.

*E. M. Lindsey,* for appellee.

STEVENSON, P. J.—This is an appeal from an order and award of the Industrial Board of Indiana based on the appellee's application for a review of an award on account of a change in conditions.

It appears from the record that on the 26th day of June, 1936, the appellee had sustained an injury to his right eye, by reason of an accident, arising out of and in the course of his employment by the appellant. That subsequent to said injury a claim was filed with the Industrial Board, accompanied by a stipulation of facts as to the nature and character of the controversy. On the 15th day of April, 1937, the Industrial Board of Indiana made a finding and entered an order and award on the agreed statement of facts. From this record it appears that the board found that the plaintiff had suffered an accidental injury which resulted in the impairment of vision of the right eye to the extent of eighty per cent. They further found that the employer (appellant) had tendered the claimant (appellee) medical and surgical services for the removal of a cataract occasioned by said injury, which offer the appellee had declined. It further found "that if the plaintiff should submit to said operation for removal of said cataract from plaintiff's said right eye, that in all probability the total impairment to plaintiff's right eye would be reduced to fifty per cent of the total loss of said right eye."

On this finding the board then entered the following order:

"It is therefore considered and ordered by the Industrial Board that plaintiff be and he is hereby awarded compensation for a period of seventy-five (75) weeks in the sum of $10.80 per week beginning on the 4th day of July, 1936, based at this time

on a 50 per cent permanent impairment to the sight of plaintiff's right eye.

"It is further ordered that the agreement in the stipulation of plaintiff and defendant for the lump sum settlement should· be denied; that all compensation due plaintiff from and after the 4th day of July, 1936, up to and including the date of this order should be paid plaintiff in cash and in a lump sum; that the remaining compensation, if any there be, shall be paid weekly.

"It is further ordered by the Industrial Board that this order shall not be conclusive upon the plaintiff, except for the number of weeks and percentage of impairment herein stated, if plaintiff shall accept the medical and surgical services proffered by the defendant for the removal of the cataract from plaintiff's right eye;

"And it is further ordered that the Industrial Board maintain continuing jurisdiction in this cause.

"Dated this *15th* day of April, 1937."

It further appears from the record in this case that the conditions of said order as to payment of compensation have been met and that the compensation has been paid the appellee by appellant for the full seventy-five weeks period and that the appellee received final payment on the 10th day of December, 1937.

The appellee on April 1, 1938, filed his application for review of this award on account of a change in conditions alleging that said permanent partial impairment has increased since the date of the award and that the employer (appellant) has refused to provide necessary medical and surgical services for removal of the cataract from the appellee's right eye, which operation the appellee is now willing to accept. On this petition, the Industrial Board made a finding in which the facts with reference to the original order were reviewed and in which the conditions on which the original award were predicated were recited. On this general finding the board then entered the following order:

"IT IS THEREFORE CONSIDERED AND ORDERED by the Industrial Board of Indiana that plaintiff's application for the review of an award on account of a change in conditions is hereby sustained in that the defendant shall offer plaintiff surgical attention for the removal of the cataract in plaintiff's right eye, and if so offered within thirty days from the date of this order and accepted by the plaintiff within the said thirty days then the defendant shall pay the reasonable and necessary medical, surgical, hospital, and nurse services incident to such operation."

It is from this order that the appellant appeals, assigning as error that the award is contrary to law.

The appellant contends that there is no evidence in this case which authorizes this award; that there has been no showing made of "a change in conditions" which would justify a modification of the original order. Appellant further contends that the Industrial Board exceeded its power in requiring the appellant to render surgical and hospital services two years and forty-one days after appellee's injury.

It is apparent from the record in this case that it was the intention of the Industrial Board to retain continuing jurisdiction in this cause for the order, as entered on the 15th day of April, 1937, expressly so stated. It was not necessary, however, that this right should be reserved, for Sec. 45 of the Indiana Workmen's Compensation Act (Sec. 40-1410 Burns' Ind. Statutes [1933 Rev.], §16421 Baldwin's 1934) expressly confers such right. This act provides that:

"The power and jurisdiction of the industrial board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded,

either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act."

The appellee was accordingly entirely within his right in filing his petition for the change in the award at any time within one year from the termination of the compensation period fixed in the original award. The Industrial Board had jurisdiction to change this award on account of a change in conditions, should they find such to exist. This does not necessarily mean that there must be a change in the physical condition of the injured employee. *Homan et al.* v. *Belleville Lumber and Supply Co.* (1937), 104 Ind. App. 96, 8 N. E. (2d) 127; *Witte* v. *J. Winkler & Sons, Inc.* (1934), 98 Ind. App. 466, 190 N. E. 72.

The Industrial Board in the original award must have anticipated that in all probability an operation would eventually be necessary to give the appellee the relief he was entitled to under the law. They accordingly were not willing to approve the agreement of the parties with respect to the compensation as submitted, for it appeared conclusively that the appellee was suffering from an eighty per cent impairment of the vision in his right eye and that he was accepting an award on the basis of fifty per cent impairment for the reason that at that time he did not desire an operation. They must have believed that he was entitled at that time to an award based upon a fifty per cent impairment plus the surgical operation which would have reduced the impairment from eighty per cent to fifty per cent. The Industrial Board accordingly stated in its original order that "this order shall not be conclusive upon the plaintiff except for the number of weeks and percentage of impairment herein stated if plaintiff shall accept the medical and surgical services proffered by the defendant for the removal of the cataract from the plaintiff's

right eye." In other words, the Industrial Board imposed conditions in the original award leaving the way open for the appellee to accept the operation if he so desired and only in the event of his continued refusal was the order to become binding upon him.

In view of this record it is our opinion that the Industrial Board had jurisdiction and authority to change this award at any time within the period fixed by statute upon a showing that the conditions under which the original award was entered no longer obtained. Such an order imposes no new or additional burden upon the appellant, of which they were not already fully advised.

The appellant contends that the Industrial Board was without authority to order a surgical operation at the expense of the appellant more than two years after the injury complained of occurred.

It will be noted from a reading of the above order that the same does not expressly order the payment of the costs of the surgical operation. At most, the order and award is conditional in that the appellant "shall *offer* plaintiff (appellee) surgical attention for the removal of the cataract" and if the offer is accepted, then the appellant shall pay the costs thereof. The order then recites that "if the defendant shall not within a reasonable time offer plaintiff surgical attention for correction of the vision in his right eye then on proper application a determination shall be made of what if any (loss of) vision plaintiff has sustained to his right eye as the result of the accidental injury sustained on June 26, 1936."

This order and award is at most only a suggested course of procedure and the appellant is not bound under this order to furnish this operation. If the appellant offers the operation and the appellee accepts, then the obligation to pay is imposed. The appellant is accord-

ingly not in a position to complain of this action of the Industrial Board.

Finding no error in the award as entered, the same is affirmed.

Bridwell, J., and Dudine, J., dissenting.

## DISSENTING OPINION.

DUDINE, J.—As is indicated by the opinion of the majority, this is an appeal from an award of the Industrial Board which is based upon appellee's application for review of a previous award on account of a change in conditions. The application for review alleged that the previous award granted compensation for a permanent partial impairment and alleged further "that said permanent partial impairment has increased since the date of said award. . . ."

The Industrial Board, in its finding of April 1, 1938, found facts as stated in the majority opinion and found further as follows: "against the plaintiff on his allegation that said permanent partial impairment has increased since the date of said (first) award. . . ."

In *Jackson Hill Coal, etc., Co.* v. *Gregson* (1925), 84 Ind. App. 170, 172, 150 N. E. 398, this court said:

"The expression 'change in conditions,' as used in the section (Sec. 37 of the Indiana Workmen's Compensation Act of 1919) has reference to physical condition of the injured employee." To the same effect generally see *Morgan* v. *Wooley* (1937), 103 Ind. App. 242, 6 N. E. (2d) 717.

In *Indianapolis, etc., Tube Co.* v. *Surface* (1926), 86 Ind. App. 55, 59, 155 N. E. 835, this court said:

"The undisputed evidence shows there has been no change in appellee's *(the injured employee's) condition* since the award which he seeks to review was made and the board so found." (My italics.)

That case, like the instant case, was an appeal from an order increasing the amount of an award previously

made which order was based on an application for review on account of a "change in conditions." This court reversed the latter award on the grounds that the evidence failed to show a "change in condition."

It is clear that the majority opinion does not hold that there was a change in the *physical* condition of appellee since the first award.

Two cases are cited in the majority opinion in support of a statement therein that a "change in conditions" does not necessarily mean a change in the physical condition of the injured employee, but *the opinion is not based upon such proposition.*

The opinion is based primarily on reasoning stated as follows (ante p. 144) :

"The Industrial Board in the original award must have anticipated that in all probability an operation would eventually be necessary to give the appellee the relief he was entitled to under the law. They accordingly were not willing to approve the agreement of the parties, with respect to the compensation as submitted, for it appeared conclusively that the appellee was suffering from an eighty per cent impairment of the vision in his right eye and that he was accepting an award on the basis of fifty per cent impairment for the reason that at that time he did not desire an operation. They must have believed that he was entitled at that time (at time of first award) to an award based upon a fifty per cent impairment plus the surgical operation which would have reduced the impairment from eighty per cent to fifty per cent. The Industrial Board accordingly stated in its original order that *'this order shall not be conclusive upon the plaintiff* except for the number of weeks and percentage of impairment herein stated *if plaintiff shall accept the medical and surgical services* proffered by the defendant for the removal of the cataract from the plaintiff's right eye.' In other words, the Industrial Board imposed conditions in the original award leaving the way open for the appellee to accept the operation if he so desired and *(which conditions*

*provided that) only in the event of his continued refusal was the order to become binding upon him."* (My italics.)

Such reasoning is necessarily based upon an assumption that the Industrial Board was authorized to render an award which, reserving the right of either party to appeal therefrom, was absolutely binding upon appellant, but not absolutely binding upon appellee; which bound appellant absolutely, but bound appellee conditionally only. Such assumption is not founded in law.

Such reasoning is also necessarily based upon the assumption that a proceeding to review an award on account of a change in conditions is, in its nature, a proceeding supplementary to an award, to determine whether or not the award should be modified. Such assumption is not founded in law. A proceeding to review an award on account of a change in conditions is not in its nature a proceeding supplementary to the award sought to be reviewed. In such proceedings ". . . the original award stands as an adjudication upon *all matters in dispute up to the time such award was made,* and neither party may thereafter be heard to say that such award was wrong *in any respect,* or that in any subsequent hearing evidence is proper to show that either the injury or disability was greater or less than that *indicated by such award."* (My italics.) *Pedlow v. Swartz Electric Co.* (1918), 68 Ind. App. 400, 405, 120 N. E. 603.

Whether or not there has been a "change in conditions" in a given cause is a question of fact to be determined in the first instance by the Industrial Board. It is a fact which is essential to sustain an award which increases a previous award on account of a "change in conditions." The burden of proving such fact in the instant case was upon appellee. The Industrial Board did not find in the instant case that there was a "change in

conditions." The failure of the Industrial Board to find such fact is equivalent to a finding that there was *no* "change in conditions." See *Lukich* v. *West Clinton Coal Co.* (1937), 104 Ind. App. 73, 10 N. E. (2d) 302, and numerous authorities there cited.

There is in my opinion a complete lack of evidence to show a "change of conditions" within the meaning of said term as used in Sec. 45 of the Workmen's Compensation Act. The only thing, if anything, which the evidence shows, that changed since the first award was made, was appellee's mind as to whether or not he would accept the medical services. That does not constitute a "change in conditions." If it were held that such fact would constitute "a change in conditions" the employer's liability to have an award increased on account of a "change in conditions" would be dependent upon the wishes of the employee.

I cannot follow the reasoning in the majority opinion on the question of the authority of the Industrial Board to order a surgical operation at the expense of appellant more than two years after the injury complained of occurred. To say the least the order is final and absolute as to appellant to the extent that it requires appellant to offer the surgical services within thirty days and requires him to pay for the same, and for the necessary medical, hospital and nurse services incident thereto if said surgical services are accepted by appellee "within said thirty days."

I think the award should be reversed with instructions that the Industrial Board enter an award that appellee recover nothing by his application for review of an award on account of a change in conditions.