## SWIFT & COMPANY *v.* NEAL.

[No. 16,516.  Filed February 26, 1940.  Rehearing denied April 17, 1940.  Transfer denied September 19, 1940.]

*Louis L. Roberts* and *William L. Irons,* both of Evansville, for appellant.

*E. Menzies Lindsey,* of Evansville, for appellee.

STEVENSON, J.—This is a second appeal of this case. Our opinion in the first appeal is reported in 106 Ind. App. 139, 18 N. E. (2d) 491.

The facts as disclosed by the record are fully set out in our former opinion and it is not necessary to repeat

them here. It is sufficient to say that the appellee received an injury to his eye on the 26th day of June, 1936, for which injury an award of compensation was entered by the Industrial Board of Indiana on April 15, 1937. This award was a conditional award which allowed compensation for a period of seventy-five weeks based on a fifty per cent permanent impairment to the sight of the appellee's eye. It was further based on the condition that the appellant would offer and the appellee would accept a surgical operation which would reduce his then present impairment of eighty per cent of vision to the fifty per cent on which compensation was allowed. It was a part of this order that the Industrial Board should maintain continuing jurisdiction of the cause until the matter could finally be adjusted.

The appellee did not accept the surgical operation at the time of the award but on April 1, 1938, he filed his application for a review of this award in which he alleged that his impairment had increased since the date of the award and that he was willing to accept the surgical operation for the removal of the cataract from his eye. On this petition the Industrial Board made an order under date of August 6, 1938, to the effect that the appellant should offer the appellee the surgical operation for the removal of the cataract and, if accepted, the same should be paid for by the appellant and jurisdiction was expressly retained for the purpose of a final determination of the amount of impairment to his vision. It was from this order that the appellant appealed to this court and this order was affirmed. *Swift & Company* v. *Neal, supra.*

Following the affirmance of this case, the Industrial Board, on April 10, 1939, reset this case for hearing. On June 9, 1939, the appellant filed a motion to dismiss the proceedings, which motion was overruled. On the

16th day of September, 1939, the full Industrial Board entered an order against the appellant by which the appellant was required to furnish the appellee a surgical operation for the removal of the cataract in the appellee's right eye. It was further ordered that if the appellant should not offer such operation within thirty days then the appellee should be awarded compensation at the rate of $10.80 per week for 150 weeks, credit to be given for the 75 weeks compensation already paid. It is from this order that the appellant has again appealed, assigning as error that the award of the Industrial Board is contrary to law. The appellant contends that the Industrial Board of Indiana had no jurisdiction to make this award for the reason that the same was not made within one year from the termination of the compensation period fixed in the original award as required by § 45 of the Workmen's Compensation Act; § 40-1410, Burns' 1933.

The appellant contends that after the expiration of one year from the 10th day of December, 1937, the end of the compensation period fixed in the first award, the board was without jurisdiction to make any order with reference to a change in the appellee's condition. We find ourselves unable to agree with the appellant's contentions. The action of the Industrial Board by its order of August 6, 1938, was a conditional order by the terms of which the appellant was given an opportunity to furnish the appellee with a surgical operation. Continuing jurisdiction was expressly retained by this order for the obvious purpose of ascertaining whether or not the appellant would exercise this option, and for the further express purpose of determining what, if any, loss of vision the appellee has sustained by reason of said injury. After such award was affirmed, the Industrial Board was advised by the appellee of the

fact that the appellant had not seen fit to offer him the surgical operation. He accordingly asked that the board complete its work by a final award on his petition filed April 1, 1938, in which he alleged that his impairment had increased. This the board has done by its order of September 16, 1939. This award was entirely within the jurisdiction and power of the Industrial Board so to make. It was invoked by the petition filed April 1, 1938, and predicated thereon. The statute does not require that awards of the Industrial Board should all be entered within one year from the termination of the compensation period fixed in the original award. The only limitation fixed by statute is that no application for a modification of an original award shall be filed after the expiration of one year from the termination of such compensation period. § 40-1410, Burns' 1933.

The appellant is in error in asserting that the action of the Industrial Board was upon its own motion. Its action was predicated upon the petition of the appellee filed April 1, 1938, supplemented by information obtained from appellee's letter under date of April 6, 1939, to the effect that the appellant had failed to exercise his right to offer the appellee a surgical operation. The appellant contends that the Industrial Board had no authority to order a surgical operation at its expense after the lapse of 90 days from the date of the injury. While this is true, yet as we have repeatedly said in this case, this order was a conditional one by which the appellant was not absolutely bound. Such conditional orders are frequently found in judicial and other proceedings. *City of East Chicago* v. *Gilbert* (1915), 59 Ind. App. 613, 108 N. E. 29, 109 N. E. 404; *Union Traction Company* v. *Cameron* (1927), 85 Ind. App. 629, 155 N. E. 265.

The award of the Industrial Board is affirmed and in view of the long delay occasioned by two appeals, we feel that the statutory penalty of ten per cent should be added to the award and it is so ordered.

Award affirmed.

Dudine, J., dissenting with opinion.

Bridwell, P. J., dissents.

NOTE.—Reported in 25 N. E. (2d) 451.

### DISSENTING OPINION.

DUDINE, J.—I cannot concur in the majority opinion of this court dated February 26, 1940. That opinion proceeds upon theories which, it seems to me, are so contrary to fundamental principles of the Workmen's Compensation Law of this state that I would be derelict in my duties if I did not express my views upon this appeal in a dissenting opinion. I deem it expedient to set out a considerable portion of the record in this case which constitutes the history thereof and I feel that that should be done even though it extends this dissenting opinion to a length which may be considered unusual.

This is an appeal from an award of the Industrial Board and is a second appeal in this cause.

The first appeal was taken from an award of the Industrial Board dated August 6, 1938. Said award and the finding on which it is based (excluding formal parts thereof and parts thereof which are immaterial to the questions presented in this appeal or in the first appeal) is as follows:

"And the Full Industrial Board having heard the argument of counsel, having reviewed the evidence, and being duly advised therein, now finds that on June 26, 1936, while in the employ of the defendant at an average weekly wage of $19.66, plaintiff suffered an injury as the result of an

accident arising out of and in the course of his employment, of which defendant had knowledge and furnished the medical attention; that plaintiff's accidental injury was to the right eye ball. That subsequently a dispute arose between the parties as to the payment of compensation and an offer and acceptance of surgical attention. That on April 10, 1937, the matters at issue were submitted by stipulation to the Industrial Board. *That said stipulation recited* that at the time plaintiff had suffered an eighty per cent impairment to his right eye. That defendant had offered a surgical operation for the removal of a resultant cataract which, in the opinion of the surgeons, if successfully performed would improve the vision of the right eye to fifty per cent. That the plaintiff declined to submit to such operation; that plaintiff agreed to accept from the defendant in lieu of said operation payment of seventy-five weeks compensation for fifty per cent permanent loss of vision in the right eye. (That plaintiff agreed further) that the Industrial Board should enter an award based upon this stipulation and agreement, that plaintiff's said injury has resulted in a permanent partial impairment of fifty per cent to the vision of plaintiff's right eye.

"It is further found (on August 6, 1938) that based on said stipulation, (a) finding and order was entered on April 15, 1937, in which it was found that by reason of the said accidental injury, and as a direct cause thereof, a cataract has formed over plaintiff's right eye, which has impaired plaintiff's right eye to the extent of eighty per cent of the loss of the entire eye. That defendant has tendered the plaintiff the necessary medical and surgical services for the purpose of the removal of said cataract, but that plaintiff has declined the offer of said medical services. That if plaintiff should submit to said operation for the removal of said cataract the total impairment of plaintiff's right eye would be reduced to fifty per cent of the total loss of said right eye. And it was ordered (on April 15, 1937) that plaintiff be . . . awarded compensation for a period of seventy-five weeks, in the sum of $10.80 a week, beginning on July 4,

1936, based at this time (April 15, 1937) on a fifty per cent permanent impairment to the sight of plaintiff's right eye. That this order shall not be conclusive upon the plaintiff except for the number of weeks and percentage of impairment herein stated if plaintiff shall accept the medical and surgical services proffered by the defendant for the removal of the cataract from plaintiff's right eye. That the Industrial Board maintain continuing jurisdiction in this cause.

"It is further found (on August 6, 1938) that under the terms of said agreement compensation has been paid in full in the total sum of $810.00, that plaintiff signed his final receipt on December 10, 1937, which receipt was filed with the Industrial Board on December 15, 1937.

"It is further found (on August 6, 1938) that on April 1, 1938, plaintiff filed his application for the review of an award on account of a change in conditions alleging that said permanent partial impairment has increased since the date of said award, that said employer without just cause therefor has refused to provide said employe with the necessary medical and surgical services for the purpose of the removal of the cataract from the employe's right eye; that said services were previously tendered by the employer and refused by the employe, but said employe is now willing to accept the same.

"Said Board now finds *against the plaintiff on his allegation that said permanent partial impairment has increased since the date of said award,* and finds for the plaintiff in that the employer has refused surgical attention for the removal of the cataract now causing partial loss of vision in plaintiff's right eye.

### ORDER.

"IT IS THEREFORE CONSIDERED AND ORDERED by the Full Industrial Board of Indiana that plaintiff's application for the review of an award on account of a change in conditions is hereby sustained in that the defendant shall offer plaintiff surgical attention for the removal of the cataract in plaintiff's right eye, and when so offered if accepted by the plaintiff then the defendant shall

pay the reasonable and necessary medical, surgical, hospital, and nurse services incident to such operation.

"It is further ordered that the Industrial Board shall retain jurisdiction over this cause, and if defendant shall not within reasonable time offer plaintiff surgical attention for correction of the vision in his right eye then on proper application a determination shall be made of what if any [loss of] vision plaintiff has sustained to his right eye as the result of the accidental injury sustained on June 26, 1936." (Our italics.)

Said award was affirmed, on appeal, on January 20, 1939, by this court, by a majority thereof (Bridwell, J., and I dissenting). See 18 N. E. (2d) 491.

On April 10, 1939, the Industrial Board made and entered a finding and order as follows:

"That . . . on the 6th day of April, 1939, plaintiff by and through his attorney, advised the Industrial Board that the defendant had failed to comply with the (said) final finding and award of the Industrial Board as affirmed by the Appellate Court of the State of Indiana and failed to proffer to the plaintiff an operation for the removal of the cataract on plaintiff's right eye.

"And the Industrial Board now finds that a reasonable time has elapsed since the rendition of the decision of the Appellate Court upon said finding of the Industrial Board to afford the defendant an opportunity to offer to plaintiff an operation for the removal of said cataract; that the defendant has completely ignored said award of the Full Industrial Board as affirmed by the Appellate Court of Indiana, and that said cause should now be reassigned to a hearing member to determine the present extent of the loss of sight in plaintiff's right eye occasioned by the accidental injury sustained by plaintiff while in the employ of the defendant on the 26th day of June, 1936; . . . and it is so ordered."

On June 13, 1939, a hearing was had in this cause before a single member of the Industrial Board which

resulted in a finding and award by the single member and, pursuant to the filing by appellant of a petition to review said award by the full board, the full board made and entered a finding and award on September 16, 1939, in which it found substantially the same facts which it had found in its finding dated August 6, 1938, which we have set forth herein, and found further that:

"At the time of the hearing before the single member, June 13, 1939, at 9:00 A. M., there had been a change of conditions in that the vision of plaintiff's right eye had decreased and at that time there had been a 100 per cent loss of vision of his right eye.

"And the Full Industrial Board further finds that which is impairing his vision is due to a cataract and that said vision can be corrected to a degree by surgical attention. . . ."

Said award of the full board dated September 16, 1939, is as follows:

"It is therefore considered and ordered by the Full Industrial Board of Indiana, that the defendant, within thirty days, shall offer plaintiff surgical attention for the treatment of the cataract in plaintiff's right eye and that if plaintiff shall accept said treatment, then the defendant shall pay the reasonable and necessary medical, surgical, hospital and nurses' services incident to said corrective operation.

"It is further ordered that if plaintiff shall refuse within thirty days to accept such medical attention, then no compensation shall be paid during the time of such refusal.

"It is further ordered that if the defendant snall not offer the plaintiff the operation for the correction of the cataract in plaintiff's right eye, then there is awarded plaintiff as against defendant, compensation at the rate of $10.80 per week for 150 weeks, beginning on June 26, 1936, the defendant to be given credit for the 75 weeks compensation already paid. . . ."

It is from this award that this second appeal is taken.

In support of the assigned error that said award is contrary to law appellant contends in effect that § 45 of the Indiana Workmen's Compensation Act (§ 40-1410, Burns' 1933) limits the power of the Industrial Board, on its own motion, to modify its award so that the board is not authorized to exercise such power after termination of one year from the compensation period fixed in the original award; that the termination of the compensation period fixed in the original award in the instant case expired December 10, 1937, that the proceedings resulting in the award, from which this appeal has been taken, were instituted by the Industrial Board on its own motion on April 10, 1939, as is shown by the order of the Industrial Board of that date herein set forth, and that said date is more than one year after December 10, 1937, the termination of the compensation period fixed in the original award in the instant case; that June 13, 1939, the date of the hearing before the single member in the instant proceedings, and September 16, 1939, the date of the award from which this appeal is taken, are each more than one year from the termination of the compensation period fixed in the original award in this cause; and that therefore the Industrial Board was without authority, power or jurisdiction to enter the award from which this appeal is taken.

All of the facts on which said contentions are based are clearly shown by the several findings and orders of the Industrial Board which we have set forth herein.

Section 40-1410, Burns' 1933, *supra*, which is relied upon by appellant to support his said contentions, is as follows:

"The power and jurisdiction of the Industrial Board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act. . . .

"*The Board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period fixed in the original award. . . .*"

It is my opinion that said statute sustains appellant's said contentions and leaves no room for doubt thereon. The award of the Industrial Board, from which this appeal is taken, should be reversed.

Appellant presents other reasons why said award is contrary to law, which reasons are, in my opinion, sustained by the record and are sufficient; but this being a dissenting opinion it would serve little or no good purpose to discuss said other reasons herein. (In this connection generally see my dissenting opinion in the first appeal in this cause, 106 Ind. App. 139, 18 N. E. (2d) 493.)

The majority opinion in this appeal is based upon the theory that "continuing jurisdiction was expressly retained by this order (of August 6, 1938, supra). . . ." I cannot subscribe to such theory because § 40-1410, Burns' 1933, *supra,* limits the time within which the Industrial Board could, on its own motion, modify its previous award and that time had expired before the award, from which this appeal has been taken, was entered. The Industrial Board could not by any order of its own extend such time limit fixed by statute.

In the majority opinion this court said in effect that the Industrial Board had no authority to order a surgical operation at appellant's expense after the lapse of ninety days from the date of the injury. Such statement is in accordance with § 1, Ch. 214, Acts 1937, which provides, among other things, that the employer shall furnish medical services, etc., "during the first ninety days after an injury." The statutory obligation of the employer to furnish medical services, etc., being so limited, any award of the Industrial Board requiring the employer to offer or furnish medical services after the lapse of ninety days from the date of the injury is not authorized by statute but is contrary to law. To sustain such an award is to hold that the Industrial Board has authority to extend the time within which an employer shall furnish medical services, etc., beyond the period fixed by statute.

I cannot subscribe to the theory that the law of this state authorizes the Industrial Board to enter a "conditional award" from which an appeal can be taken to this court and if, upon appeal, the "conditional" award is affirmed the Industrial Board can, upon request of the appellee, "*complete* its work by a final award on (the original) . . . petition." This court by its majority opinion in this appeal says in effect that the award of September 16, 1939, *supra,* was such a "conditional" award. The majority opinion says further that said award "was entirely within the jurisdiction and power of the Industrial Board so to make." No authorities are cited in support of said last statement.

The law of this state does not provide for appeals from awards of the Industrial Board which are not final. In that connection it should be noted that this court in said majority opinion says that the award from

which this appeal was taken was an award "by which the appellant was not absolutely bound."

If, upon appeal, a final award is affirmed, that award can be enforced, and under § 40-1410, Burns' 1933, *supra,* that award can be modified, but the law of this state does not give the Industrial Board the power to "complete" such award. (See *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 120 N. E. 603.

If the award of August 6, 1938, was a "conditional" award and not a final award, and if the award of September 16, 1939, from which this appeal has been taken, is an award "by which the appellant was not absolutely bound," all as is contended in the majority opinion, then this court had no authority to review either of said awards and the opinion of this court in this cause dated January 20, 1939, and the majority opinion in this appeal had and have no legal effect.

The majority opinion states that the 10 per cent penalty is added to the award "in view of the long delay occasioned by two appeals." The record does not show that delay was caused by a lack of diligence upon the part of appellant or its counsel and it does not show any other facts which, in my opinion, justify the imposition of more than the statutory penalty of 5 per cent upon affirmance. The record shows that the injury occurred on June 26, 1936; that on April 10, 1937, it was stipulated before the Industrial Board by the parties that appellant had offered the necessary operation and that appellee had declined the operation but had agreed to accept 75 weeks compensation on the basis of a 50 per cent disability. The record further shows that on said date, April 10, 1937, the Industrial Board entered an award, based on said stipulation, ordering appellant to pay compensation on that basis for 75 weeks beginning July 4, 1936. Said 75-week

period expired December 12, 1937. The record further shows that appellant paid said compensation in full and that the final receipt therefor was signed by appellee on December 10, 1937, two days before the expiration of said 75-week period. Said final receipt was filed with the Industrial Board on December 15, 1937. The record further shows that on April 1, 1938, *about three and one-half months after appellee signed said final receipt,* he filed his application for review of the previous award *in which application he alleged* that appellant "without just cause therefor had refused to provide said employee (appellee) with the necessary medical and surgical services . . . *that said services were previously tendered by the employer and refused by the employee, but said employee is NOW willing to accept the same.*" (Our italics.) It is therefore my opinion that the record affirmatively shows that much of the delay was caused by lack of diligence and by change of mind upon the part of appellee.

The award of the Industrial Board should be reversed.

NOTE.—Reported in 26 N. E. (2d) 564.