# Wytheville

## LESLIE TAYLOR HOLT AND MARY HARVEY HOLT v. STONE AND WEBSTER ENGINEERING CORPORATION, ET AL.

June 8, 1942.

Record No. 2560.

Present, Campbell, C. J., and Holt, Hudgins, Gregory and Eggleston, JJ.

The opinion states the case.

*James O. Heflin*, for the appellants.

*Charles U. Williams, Jr.*, and *George E. Allen*, for the appellees.

EGGLESTON, J., delivered the opinion of the court.

The sole question involved in this appeal is whether, in fixing the basis for an award of compensation, the evidence presented to the Industrial Commission of Virginia supports its finding that Leslie Taylor Holt and Mary Harvey Holt were "partially dependent," or their claim that they were "wholly dependent," for their support upon their son, Frank M. Holt, who was killed in an accident which arose out of and in the course of his employment by Stone and Webster Engineering Corporation.

The facts are undisputed. The parents of the deceased employee were at the time of the accident, which occurred on June 15, 1941, fifty-eight years old. Neither had earned a living for the past several years. The father had been an invalid for eleven years.

About two weeks prior to the accident the couple took up their residence at Phenix, Virginia, where they boarded with Mrs. Holt's sister. Prior to this they had lived at Hopewell with their two sons, Tyler and Cameron. Each of these sons received a small income, out of which he paid his mother

the sum of $6.00 a week for board, lodging and laundry. All of this was consumed in the cost of the sons' maintenance, leaving no profit to the household. Beyond this these sons contributed nothing towards the support of their parents. Three married children, who made their homes separate and apart from the parents, likewise made no contribution toward their support.

At the time of the accident the son, Frank, was receiving a substantial income of approximately $55.00 a week. While his parents were living at Hopewell he was their sole means of support, paying the house rent, bills for fuel, electric light, water, groceries, and the parents' bills for clothing, hospitalization, physicians and medicine. Due to illness of the father the last three items were considerable. These expenses were paid by Frank not only when he lived at Hopewell with his parents, but even when he made his home elsewhere, as was the situation at the time of his death, when he was living at Norfolk.

When the parents moved to Phenix the mother assisted her sister in the household duties in part payment of her board. Just what this amounted to is not shown in the evidence. Beyond this Frank paid the board of both his father and his mother.

In his income tax returns Frank was allowed an exemption on the ground that he was the sole support of his parents. Before his local Selective Service Board he claimed and was allowed a deferred classification on the same ground.

The only apparent conflict in the evidence arises in this manner: Ten days after the accident the parents signed a statement prepared by an adjuster for the insurance carrier. In it they stated that Frank was their sole support, that none of the other children contributed thereto, and that "During the time we were living together, Tyler paid an average of $6.00 per week board, Cameron paid $6.00 per week, and Frank paid $8.00 to $10.00 a week. That constituted the total amount we had to live on."

Manifestly, this referred to the situation which obtained when Frank made his home with his parents at Hopewell. He, of course, paid no "board" as such after he moved

to Norfolk, where he was living "at the time of the accident," as of which time, under the terms of section 40 of the Workmen's Compensation Act,* questions of dependency in cases of this character must be determined.

Moreover, at the hearing both parents testified, and it is not contradicted, that they told the insurance adjuster at the time the statement was taken that Frank made other contributions to their maintenance and support in addition to the stated weekly sum of $8.00 to $10.00, that the adjuster replied that "he was not interested in that," and that he was concerned only with the "amounts the boys paid in board." The father further testified that Frank's total contributions for his parents' maintenance and support, including the household bills paid, averaged between $25.00 and $30.00 a week.

After the parents had thus testified in regard to the statement and had given their explanation of the apparent discrepancies between it and their testimony at the hearing, it was stipulated and agreed, in the presence of the Commissioner, that "Frank M. Holt was the sole support of his father and mother prior to his death, with the exception of $6.00 per week paid by Tyler and Cameron Holt each, on account of board, * * * ."

This stipulation, we think, settled the matter in favor of the claimant parents. Since the uncontradicted evidence is that the amounts paid by Tyler and Cameron for board were consumed in their maintenance, leaving no profit for contribution toward the support of the parents, it follows that the parents' support came from Frank alone.

■ In our opinion the Industrial Commission should have made an award to the claimant parents on the basis that they were wholly dependent upon their son, Frank.

It is argued in the brief that we are precluded from a review of the Commission's award by section 61 of the Act,†

---

*Michie's Code, 1936, Section 1887(40); Acts 1918, ch. 400, p. 637, as amended by Acts 1924, ch. 318, p. 478; Acts 1926, ch. 7, p. 7.

†Michie's Code, 1936, Section 1887(61); Acts 1918, ch. 400, p. 637, as amended by Acts 1922, ch. 425, p. 741; Acts 1924, ch. 318, p. 478; Acts 1926, ch. 7, p. 7; Acts 1928, ch. 227, p. 734.

which provides that it "shall be conclusive and binding as to all questions of fact."

When there is a conflict in the evidence, the finding of fact by the Industrial Commission is final and conclusive upon this court. But an award which is unsupported by evidence is illegal and should be set aside. *Scott* v. *Willis*, 150 Va. 260, 263, 142 S. E. 400; *National Surety Co.* v. *Rountree*, 152 Va. 150, 160, 147 S. E. 537; *Wise Coal, etc., Co.* v. *Roberts*, 157 Va. 782, 791, 161 S. E. 911; *Basham* v. *Lowe*, 176 Va. 485, 498, 11 S. E. (2d) 638, 644, 131 A. L. R. 761.

The order is reversed and the cause is remanded to the Commission with directions that the claimants be awarded proper compensation in conformity with the views here expressed.

*Reversed and remanded.*