## PEDLOW v. SWARTZ ELECTRIC COMPANY.

### [No. 10,306. Filed November 1, 1918.]

1. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal. —Assignment of Error.—Questions Presented.*—Under §8020s2 Burns' Supp. 1918, Acts 1917 p. 154, the assignment of error on appeal that the award is contrary to law presents both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts. p. 404.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.—Appeal. —Findings of Board.—Conclusiveness.*—Where there is some evidence to sustain a finding of the Industrial Board in a proceedings under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, it will not be disturbed on appeal. p. 404.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.—Agreement for Compensation.—Effect.*—Under §57 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, an agreement for compensation between an injured servant and the employer which has been approved by the Industrial Board, has the full force and effect of an award. p. 405.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award. —Conclusiveness.*—An award of compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, not reviewed or set aside, is conclusive on both parties, except as provided in §45 of the act, authorizing a review because of change of condition arising after the making of an award. p. 405.

5. MASTER AND SERVANT.—*Workmen's Compensation Act.—Award. —Application for Modification.—Scope of Review.*—In a hearing under §45 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, for modification of an award because of a change in condition, the parties are bound by the proof made at the former hearing, and proof is limited to evidence tending to prove or disprove the contention that the conditions existing at the time of the award have subsequently changed. p. 405.

From the Industrial Board of Indiana.

Proceedings for compensation under the Workmen's Compensation Act by James L. Pedlow against the Swartz Electric Company. From the award rendered, the applicant appeals. *Affirmed.*

*J. L. Steinmetz,* for appellant.

*Elmer E. Stevenson,* for appellee.

FELT, P. J.—This is an appeal from an award of the full Industrial Board of Indiana. Appellant has assigned as error that: (1) The award is contrary to law; (2) that the full board erred in awarding appellant two weeks' compensation.

Appellant, in his brief, states that: "The action was an application by appellant, against appellee, for a review of an award of the Industrial Board of Indiana on account of a change in condition; that the disability of appellant, on account of said injury, had increased since the date of said award, and that the previous award be increased."

On January 16, 1918, the date of the hearing before Samuel R. Artman, one of the members of the Industrial Board, appellant filed what he denominated "an application for the review of an award on account of a change in condition," in which he alleges that appellant's disability on account of his original injury "has recurred since the date of said award"; that the same "has increased since the date of said award." Appellant was awarded two weeks' compensation at the rate of $13.20 per week, to be paid in a lump sum.

He thereupon applied for a review of such award, and, after a hearing by the full board, it made a finding and award, which, omitting uncontroverted details, is in substance as follows: Appellant was employed by appellee at $24 per week, and while so employed received an injury to the middle finger of his right hand, which became infected, and by reason of which he was totally disabled for the period of four and three-sevenths weeks from May 1, 1917.

"That on the 14th day of June 1917 the plaintiff and defendant entered into a compensation agreement whereby it was agreed that the plaintiff's injury was occasioned by an accident arising out of and in the course of his employment; that the defendant should pay to the plaintiff and the plaintiff should accept, compensation at the rate of $13.20 per week, beginning May 15, 1917, together with the costs of the proper medical and hospital attention occasioned by his injury, for the first thirty days thereafter; that the compensation payments should continue at said rate so long as the plaintiff was totally disabled for work on account of said injury; that said agreement was filed with the Industrial Board of Indiana on June 19, 1917, and was approved by said board on June 20, 1917; that on the 2nd day of August, 1917, the plaintiff and defendant entered into a supplemental compensation agreement whereby it was agreed that the permanent partial impairment of the plaintiff's middle finger was twenty-five per cent.; that there had been paid to the plaintiff under the previous compensation agreement, two and three-sevenths weeks' compensation amounting to $30.17; that there was due and unpaid to the plaintiff, on account of the permanent partial impairment of the middle finger, compensation for five weeks, one and one-half days additional, amounting to $68.83, and making a total compensation of seven and one-half weeks amounting to $99.00; that said agreement was to be filed with the Industrial Board of Indiana as a supplemental final agreement; that said supplemental and final agreement was filed with the Industrial Board of Indiana on August 4, 1917, and was approved by the board on August 6, 1917; that pursuant to

said agreement the defendant paid to the plaintiff the additional $68.83 and took his receipt therefor, in which it was stipulated 'It is hereby understood and agreed that there is a twenty-five per cent. permanent partial impairment of the middle finger of the plaintiff's right hand,' which receipt was filed with the Industrial Board of Indiana on the 4th of August, 1917; that the plaintiff, as a result of his accident of April 27, 1917, received no injury except to the middle finger of his right hand; that the infection thereof did not extend to any other portion of the plaintiff's body than the middle finger of the right hand and did not cause any permanent partial impairment to any other member of the plaintiff's body; that in the early part of September, 1917, the plaintiff's middle finger became inflamed by reason of a recurrence of the infection thereof; that the plaintiff immediately notified the defendant who sent him to an attending physician, who treated said finger, and as a result of that treatment it healed within the course of three or four days; that as a result of the return of said infection the plaintiff was disabled for work for a period of two weeks; that the recurrence of said infection did not aggravate, change or increase the degree of permanent partial impairment of said finger."

"Award.

"It is therefore considered and ordered by the full board that the plaintiff be and is hereby awarded two weeks' compensation at the rate of $13.20 per week, to be paid in cash in a lump sum, on account of a disability to work occasioned by the recurrence of the infection in his middle finger of the right hand in Sept, 1917."

Appellant cites and relies on the provisions of §31 of the Workmen's Compensation Act, Acts 1915 p. 392, §8020o1 Burns' Supp. 1918, and §45 of the act, being §8020c2 of the aforesaid statutes. The provision of §31 so relied upon states that: "In all other cases of permanent partial disability, including any disfigurement which may impair the future usefulness or opportunities of the injured employe, compensation * * * shall be paid when and in the amount determined by the Industrial Board, not to exceed fifty-five per cent. of average weekly wages per week for a period of two hundred weeks." Section 45 of the act authorizes a review by the Industrial Board "on the ground of a change in condition" arising after the award was made.

Appellant, in effect, contends that the board, having found that he was entitled to some additional compensation, committed an error of law in limiting the same to two weeks, because the "evidence warrants a larger award than two weeks' compensation at $13.20 a week."

1. The assignment that the award is contrary to law presents "both the sufficiency of the facts found to sustain the award and the sufficiency of the evidence to sustain the finding of facts." §8020s2 Burns' Supp. 1918.

2. The finding clearly authorizes and sustains the decision and award of the full board. The evidence at least tends to sustain the finding. There being some evidence to sustain the finding, the action of the board in that regard will not be disturbed on appeal. *Interstate Iron, etc., Co.* v. *Szot* (1916), 64 Ind. App. 173, 115 N. E. 599.

The agreement by the parties made on August 2,

1917, and approved by the board on August 6, has the full force and effect of an award. §57, *supra;* §8020c2 Burns' Supp. 1918, *supra; In re Stone* (1917), 66 Ind. App. 38, 117 N. E. 669.

The award so made has not been reviewed or set aside. It is therefore final and conclusive upon both parties, except as provided in §45 of the act, *supra.* In a hearing based on the provisions of such section the original award stands as an adjudication upon all matters in dispute up to the time such award was made, and neither party may thereafter be heard to say that such award was wrong in any respect, or that in any subsequent hearing evidence is proper to show that either the injury or disability was greater or less than that indicated by such award.

In a hearing under the provisions of §45 of the act, *supra,* the parties are bound by the proof made at the former hearing, upon which the finding was based and the award made, and the proof is limited to evidence tending to prove or disprove the contention that the conditions existing at the time the award was made have changed subsequently to the making thereof. *Bloomington, etc., R. Co.* v. *Industrial Board* (1916), 276 Ill. 120, 114 N. E. 511; *Simpson Construction Co.* v. *Industrial Board* (1916), 275 Ill. 366, 114 N. E. 138; *City of Pana* v. *Industrial Board* (1917), 279 Ill. 279, 116 N. E. 647.

The award of August 6 is unaffected by the subsequent proceedings. If the questions appellant seeks to present relate to the award of August 6, they are unavailing, because they are *res ad judicata,* as above shown.

If the proposition relied on for reversal is the contention that the allowance of two weeks' compensation by the full board for the recurring injury and the additional disability occasioned thereby is too small, appellant cannot succeed, for the evidence sustains the findings, and the award of two weeks' compensation made by the full board is fully authorized by such findings.

No error is presented, and the award of the full Industrial Board is therefore affirmed.

NOTE.—Reported in 120 N. E. 603. Workmen's compensation: review of findings on appeal, L. R. A. 1916A 266, L. R. A. 1917D 186.