GARY RAILWAYS COMPANY ET AL *v.* CINKOSKI.

[No. 16,890.   Filed May 9, 1942.]

*Freund & Pillard,* of Valparaiso, and *James A. Sweeney,* of Gary, for appellants.

*Steward & Steward,* of Gary, for appellee.

STEVENSON, J.—The appellee brought this action against the appellants for damages to his automobile, which were sustained in a collision between said appellee's automobile and a street railway bus owned and operated by the appellants.

Issues were formed by general denial.  The case was submitted to a jury for trial, and the jury returned a verdict in favor of the appellee in the sum of $50.00.

Judgment was rendered on this verdict to the effect that the appellee recover of and from the appellants the sum of $50.00. A motion for new trial was filed and overruled, and this appeal has been perfected. The error assigned on appeal is the alleged error in overruling the appellants' motion for a new trial.

The question of jurisdiction confronts us at the threshold of this case. Our statute governing appeals in civil cases reads as follows:

"No appeal shall hereafter be taken to the Supreme Court or Appellate Court in any civil case where the amount in the controversy, exclusive of interest and costs, does not exceed fifty dollars [$50.00], except as provided in section 8 of this act [§ 4-213]." § 4-211, Burns' 1933.

In the light of this statute, it is apparent that the judgment of the court for the exact sum of $50.00 is not and cannot be for an amount in excess of fifty dollars ($50.00).

In the case of *The Lake Erie and Western Railroad Company* v. *Yard* (1893), 8 Ind. App. 199, 200, 35 N. E. 568, the appellee recovered a judgment for the loss of a cow in the sum of $50.00. This case originated in a mayor's court, wherein there had also been a judgment of $50.00 rendered in favor of the appellee. The case was appealed under the provisions of § 2-3201, Burns' 1933, which denied the right to appeal cases originating in a mayor's court, where the amount in controversy, exclusive of interest and costs, did not exceed $50.00. This court, in dismissing the appeal, said:

"The amount in controversy in the present case, exclusive of interest and costs, does not exceed fifty dollars, and as the case was commenced before the mayor of a city, no appeal will lie from the judgment of the circuit court. The appellee's

motion to dismiss the appeal must, therefore, be sustained."

A similar question was before this court, in the case of *Catherwood* v. *McIntyre* (1934), 99 Ind. App. 220, 221, 192 N. E. 109. The court said:

"It is settled in this state that there is no vested right of appeal, and that such right is the subject of legislative discretion to be given or withheld as the legislature sees fit. *Collins* v. *Laybold* (1914), 182 Ind. 126, 133, 104 N. E. 971. As the amount herein in controversy, exclusive of interest and costs, does not exceed $50.00, and the case not being within any of the exceptions enumerated in section 4-213, Burns, *supra*, an appeal by appellant (defendant below) from the judgment of $31.00 rendered against him by the lower court is forbidden by section 4-211, Burns, *supra*, and this court has no authority to entertain this appeal."

It appears from the record that this case involves none of the exceptions noted in the statute and referred to in § 4-213, Burns' 1933. It follows, therefore, that this court does not have jurisdiction to entertain this appeal, and the same is accordingly dismissed.

Appeal dismissed.

NOTE.—Reported in 41 N. E. (2d) 660.