WILSON *v.* BETZ CORPORATION, ET AL.

[No. 19,274. Filed June 26, 1959. Rehearing denied September 23, 1959. Transfer denied November 10, 1959.]

84

*Sevald & Sevald,* of Hammond, for appellant.

*Spangler, Jennings, Spangler & Dougherty,* of Gary, for appellees.

Ax, J.—On June 15, 1955, appellees herein filed with the Industrial Board of Indiana their "Employer's First Report of Injury," and on the same date appellant and appellees also filed their agreement as to compensation and the same was approved by said Board. All payments were made under said agreement as to temporary total disability and said total disability terminated on June 27, 1955.

On June 27, 1956, appellant filed with the Industrial Board her Form No. 14 requesting a review upon the basis of a change of conditions upon the following grounds:

    (1)   That said injury has resulted in a permanent partial impairment;

    (2)   That said permanent partial impairment has increased since the date of said award;

    (3)   Inability to engage in the same or similar employment.

Appellant subsequently obtained an award from the Full Industrial Board of Indiana on May 8, 1957, against the appellees, of compensation at the rate of $32.40 per week for a specific period of sixty weeks, beginning May 24, 1955, for a twelve (12) per cent permanent partial impairment to her as a whole on account of an accidental injury arising out of and in the course of her employment with the appellees. The Board in its finding stated that "the appellant's condition has reached a permanent quiescent state." Said award also contained the statutory allowance for attorney fees.

Thereafter, on June 3, 1957, appellant prosecuted an appeal to this Court, which appeal was duly and timely perfected as Cause No. 19047. In this appeal among points proposed, appellant claimed that she was entitled to an award based on a thirty (30) per cent impairment of her person as a whole, instead of the twelve (12) per cent found by the Full Industrial Board; and further that the Full Board had failed and refused to decide the tendered issue of the inability of appellant to return to work and to engage in the same or similar occupation. On December 18, 1957, our Court rendered its decision upon said appeal, affirming the award of the Full Board which in substance was a finding against appellant. (See: *Wilson* v. *Betz Corporation et al.* (1957), 128 Ind. App. 189, 146 N. E. 2d 570.) Said appeal was still pending in our Court under Cause No. 19047 until January 24, 1958, when this Court denied appellant's petition for rehearing.

The record further discloses that subsequently on February 20, 1958, the appellees paid appellant the final and full amount due to her from the award of the Full Board which paid her compensation to and including

July 19, 1956, being the last day for which compensation was to be paid under terms of said award.

Thereafter, on March 4, 1958, appellant filed with the Industrial Board her second and supplemental application for review of award on account of change of condition citing two grounds for review:

(1)  That said permanent partial impairment has increased since the date of said award.

(2)  That permanent partial impairment has resulted in inability to engage in the same or similar employment.

To the application the appellee filed a motion to strike certain parts of appellant's application and also a motion to dismiss the application on the grounds that the one year limitation as provided in §40-1410 Burns' Ind. St. has run, thereby constituting a bar to the filing of appellant's claim. This section so relied upon by appellee as a bar to the appellant's claim is as follows:

"Continuing power to change or modify award.—The power and jurisdiction of the industrial board over each case shall be continuing, and, from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act (§§40-1201—40-1414, 40-1503—40-1704).

Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which

compensation was paid under the original award made either by agreement or upon hearing, *except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid.* The board may at any time correct any clerical error in any finding or award." (Our Emphasis) (Acts 1929, ch. 172, §45, p. 536; 1947, ch. 162, §12, p. 523.)

Thereafter, appellant filed her reply, alleging in substance:

(1) That it is not the office or function of either motion to strike or to dismiss, to present such issue, for same constitute pleas in bar, composed of law and facts and are personal defenses, which must be specially pleaded, as such; and

(2) That the previous pending appeal to the Appellate Court tolled or suspended the one year statute of limitations during the period when the Appellate Court had exclusive jurisdiction over the subject matter of this claim, and that therefore the one year limitation had not expired at the time that the claim of appellant was duly filed.

On November 21, 1958, the Full Industrial Board, after hearing argument of counsel for both the claimant and employer, dismissed appellant's said second application for review for the reason of want of jurisdiction because appellant's application was filed more than one (1) year after the last day for which compensation was paid in the original award of the said cause.

Appellant has assigned as error that the award of the Full Industrial Board is contrary to law and points out in her argument that two questions are presented to this Court on this appeal:

(1) Did the Industrial Board have the legal right to dismiss the second application upon a motion to dis-

miss filed by appellees on the grounds that said Board had no jurisdiction because the application was filed more than one year after the date for which compensation was last paid under the original award? and

(2) Did the pending appeal to the Appellate Court transfer all jurisdiction over the application from the Industrial Board to the Appellate Court and thereby toll the so called statute of limitations during the period of the appeal?

In answer to the first argument of appellant set out above, we are of the opinion that the Industrial Board could properly dismiss this application upon a motion to dismiss, provided that said Board could ascertain on the face of the application that it was not properly filed with the time limitation prescribed by the controlling statute which created both the right and remedy.

"Jurisdiction is essential to give validity to the determinations of administrative authorities. Without jurisdiction, their acts are void and open to collateral attack. Administrative authorities are tribunals of limited jurisdiction. Their jurisdiction is dependent entirely upon the provisions of the statutes reposing power in them; they cannot confer it upon themselves, although they may determine whether they have it." 42 Am. Jur. 440, Public Administrative Law, §109.

The Workmen's Compensation Act provides that the Board shall prescribe its own procedures. See: Burns' §40-2108. Our Court, in the case of *Carl Hagenbeck etc., Shows Co.* v. *Leppert* (1917), 66 Ind. App. 261, 117 N. E. 531, stated the following principle of law which we believe answers the appellant's contentions, as follows:

"We deem it advisable to state that we have not considered the assignment of error that 'the com-

mission (board) erred in overruling appellant's amended plea in abatement', for the following reason: The rules of procedure prescribed in the Civil Code are not available in matters before the Industrial Board. The Workmen's Compensation Act, *supra,* provides that the board shall prescribe its own procedure. We cannot take judicial knowledge of the rules of the board."

The Industrial Board, thus, not being a court of law, is not strictly bound by the Rules of Civil Procedure prevailing in Indiana. Section 40-1510 Burns' Ind. Stat. gives the Industrial Board jurisdiction to hear and determine disputes between parties in a summary manner.

Judge Kime, in the case of *Homan* v. *Belleville Lumber and Supply Co.* (1937), 104 Ind. App. 96, 8 N. E. 2d 127, stated the following which we believe has application to this case at bar—

"Throughout the entire act it is obvious that the people through their law making agency intended that the Industrial Board, which they created, should have *full, complete and absolute administration of such law.* That resort was not to be had to the courts until the administrative process had been completely exhausted." (Our Emphasis)

. . . . . .

"It seems plain from even a casual reading of the act that it was intended that the administrative body created was to replace the function that had, until that time, been exercised by the court."

Also in this case Judge Kime on page 109 stated the following rule—

"It is our belief that we should say and by this opinion do say that whenever in the processes of the administration of this act there is called to the attention of the board matters which show that the board was without jurisdic-

tion that it should pass upon the question and if those involved are not satisfied then that action can be reviewed finally by this court."

In the second point raised by appellant, it is propounded that when the appellant filed her appeal with this court, the Industrial Board lost its jurisdiction over appellant pending the appeal, and that appellant had no right, pending the appeal, to file her claim with the Board for review of award on account of a change in conditions; that therefore, the so called one year statute of limitations for filing this claim for review should be tolled during the pending appeal; and that since the appeal was not determined until the 24th day of January, 1958, that being the last day for a petition for rehearing to be filed and there being no petition filed in that case, the one year period of limitation should start thereon from that date being the date of the final award.

We do not agree with appellant's contentions.

By Burns' Ind. Stat. §40-1410, the Industrial Board has continuing power and jurisdiction over each case. See also *Swift & Co.* v. *Neal* (1939), 106 Ind. App. 139, at p. 143, 18 N. E. 2d 491. This case also cited the following principle of law from the case of *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 405, 120 N. E. 603, as follows:

"A proceeding to review an award on account of a change in condition is not in its nature a proceeding supplementary to the award sought to be reviewed. In such proceedings 'the original award stands as an adjudication upon all matters in dispute up to the time such award was made, and neither party may thereafter be heard to say that such award was wrong in any respect, or that in any subsequent hearing evidence is proper to show that either the injury or disability was greater or less than that indicated by such award.' "

In the case at bar, we are of the opinion, therefore, that the application filed by appellant for a change in condition since the last award was a new proceeding, and as such, the Industrial Board had jurisdiction to hear it, provided it was filed properly and within the time limitation of the statute creating the right and remedy, even though there was a pending appeal before the Appellate Court on the original award. However, the statute conferring jurisdiction on the Industrial Board (Burns' §40-1410) sets out that "applications for increased permanent partial impairment are barred unless filed within one (1) year from the last day for which compensation was paid."

In the original award, there was an express finding by the Industrial Board that the last day for which compensation was paid under the said award was July 19, 1956. The application for review of award on account of change of condition was filed on March 4, 1958, which time was more than a period of one year since said date of July 19, 1956. Consequently, we are of the opinion that under the above statute, the application was barred.

In the case of *Lambert et al.* v. *Powers* (1921), 76 Ind. App. 77, 131 N. E. 420, our Appellate Court stated as follows:

> "Appellee has filed a motion to dismiss this appeal for the reason that the application for a review, on account of change in conditions, was not filed within one year from the time of the award. Section 45 of the Workmen's Compensation Act, as amended in 1919 (Acts 1919, p. 158), and *In Re Hogan* (1921), 75 Ind. App. 53, 129 N. E. 633, are cited by appellee in support of this motion. These citations are not in point. The provision of the statute is that no application for a review on account of change of conditions shall be filed by either party after the expiration of one year from the termination of the compensation period fixed

by the original award. *Time for filing such application does not run from the date of the award as claimed by appellee, but from the end of the compensation period fixed by the award."* (Our Emphasis)

Our court further held in the case of *Miles* v. *Indiana Service Corporation* (1933), 97 Ind. App. 400, 185 N. E. 460, as follows:

"Section 45 of the statute, part of which is quoted above, provides that no application for the review of an award on account of a change in conditions shall be filed after the expiration of one year from the termination of the compensation period fixed in the original award. Therefore, the question here is, When did the compensation period fixed in the original award terminate? The language used in the statute is, 'In the original award'. In this case, like many others, the termination of the compensation was not fixed in the agreement upon which the original award was made. It is evident that in cases of this kind, where total temporary disability cannot be fixed definitely as to its termination, such termination of the compensation period of necessity must be fixed by the Industrial Board so that in effect that part of section 45, *supra,* should be construed to read: 'One year from the termination of the compensation period fixed in the original award' *or by the Industrial Board.*

Courts have no authority to make contracts or to read into statutes that which is not within the clear intent and meaning of the act.

Since these compensation cases are under the jurisdiction of the Industrial Board, which is a continuing jurisdiction, it must be held of necessity that the Industrial Board has the power to fix the termination period for compensation in cases of this character. The Industrial Board having found as a fact that the temporary total disability of appellant ended on February 18, 1929, and there being evidence to support this finding, this court will not disturb it. Since this application for a review of the award on account of change in condi-

tions was not filed until the 12th day of August, 1931, more than one year after the termination of the compensation period as found by the Industrial Board, it was filed too late, and the Industrial Board has no authority under section 45, *supra,* to make any modification of the original award herein."

Our Appellate Court reaffirmed the decision in *Miles* v. *Indiana Service Corporation, supra,* in the case of *Grant Coal Mining Co.* v. *Coleman* (1933), 98 Ind. App. 560, 187 N. E. 692, wherein the court stated:

"Section 45 of the Workmen's Compensation Law (Section 9490, Burns' Supp. 1929, §40-1410, Burns' 1933, §16421, Baldwin's 1934) is the statute of limitation for filing applications to modify awards of the Industrial Board. The limitation is set forth in the following language, to wit: 'The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of one year from the termination of the compensation period *fixed* in the original award, made either by an agreement or upon hearing.'

In *Miles* v. *Ind. Service Corp.* (1933), 97 Ind. App. 400, 185 N. E. 460, this court construed that part of Section 45, *supra,* to mean that the termination of the compensation period as fixed in the original award, *or (as fixed) by the Industrial Board* is the time when said limitation begins to run. We now follow said construction."

Our court in the case of *Keser* v. *U.S.S. Lead Refinery, Inc.* (1928), 88 Ind. App. 246, 249, 163 N. E. 621, cited with approval the case of *Omin* v. *Baltimore, etc., R. Co.* (1917), 8 Ohio App. 161, in which the court said:

"The plaintiff seeks to avoid the effect of this statute by pleading the conduct of the defendant in giving him employment upon the condition that he forebore to bring suit. But it has been held in several well-considered cases that the statute just cited confers a right to which is attached a condition

that it be enforced within the stated period, two years. The act creates a liability where none existed theretofore, and it takes away defenses which were formerly available. Coupled with the enlargement of the liability of carriers is the limitation that no action shall be maintained under the act unless commenced within two years from the time the cause of action accrued. This condition in the statute is not an ordinary statute of limitations. It affects the right and not the remedy. If it were merely a statute of limitations, we have no doubt that the defendant would be estopped from setting up the failure of the plaintiff to bring his action within two years by reason of its agreement with him to give him employment upon the condition that he forebore to bring an action to recover damages. The time within which the suit must be brought operates as a limitation of the *liability*, and not of the remedy alone. It is a condition attached to the right to sue at all. Time has apparently been made of the essence of the right, and the right is lost if the time is disregarded. The liability, which did not exist apart from the statute, and the remedy are created by the same statute, and the limitations upon the plaintiff's right to maintain the action are to be treated as limitations of the right and not limitations upon the remedy."

As to whether or not the contract alleged in appellant's reply is such as would toll the statute of limitations in this case, we hold that it would not, and that the limit of time must be regarded not merely as a statute of limitations but also as one of the conditions of the right of action. See, also, *McRae* v. *New York, etc., Railroad* (1908), 199 Mass. 418, 85 N. E. 425; *Carrico* v. *Templeton Coal Co.* (1928), 87 Ind. App. 147, 159 N. E. 695."

In 34 Am. Jur., Limitation of Actions, §7, p. 16, we find the following:

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself

creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time. If the offer is not accepted in the only way in which it can be accepted, by a commencement of the action within the specified time, the action and the right of action no longer exist, and the defendant is exempt from liability."

Indiana cases support this reasoning. See, *Oberg* v. *D. O. McComb & Sons* (1956), 127 Ind. App. 278, 141 N. E. 2d 135; *Railway Express Agency* v. *Harrington* (1949), 119 Ind. App. 593, 88 N. E. 2d 175.

In view of these decisions which we believe to be controlling, we are of the opinion that the award of the Industrial Board dismissing the application of appellant for want of jurisdiction was not contrary to law.

Award affirmed. Myers, P. J., and Ryan, J., concur.

Cooper, J., not participating.

NOTE.—Reported in 159 N. E. 2d 402.