MILNER v. RADIO CORPORATION OF AMERICA.

[No. 19,915. Filed February 3, 1964. Rehearing denied March 9, 1964. Transfer denied April 27, 1964. Rehearing on denial of transfer denied June 10, 1964.]

*Rochford & Rochford, Paul T. Rochford, Frank A. Mueller* and *Frank E. Spencer,* all of Indianapolis, for appellant.

*James V. Donadio, Geoffrey Segar* and *Ross, McCord, Ice & Miller,* all of Indianapolis, for appellee.

CARSON, C. J.—This is an appeal from the full Industrial Board of Indiana. The appellant had recovered an award originally and then filed a form #14 for a review alleging a change of condition. The original award was for a three percent permanent partial impairment beginning on August 16, 1960, and continuing for a period of fifteen weeks at $39.00 per week. The award was made on the 14th day of October, 1961. The period for which the award was made, expired on November 28, 1960. The application for review under form #14 was filed on January 2, 1962.

There were no issues of fact before the board and the question is presented to us solely on an issue of law set out in appellant's brief, to-wit:

" . . . whether the right for review of the prior award on account of a change in conditions was limited by the passage of time *prior* to the rendering of the award—whether the one (1) year statutory period for filing such an application for review of an award on change of conditions commenced to run with the payment of compensation *prior* to the rendering of the award, determined at a *later* date to *have been* the final payment of compensation."

The appellee employer filed a motion to dismiss which was sustained by the board for want of jurisdiction on the ground that the form #14 filed on January 2, 1962, was not timely filed. Following this action of the board

the appellant filed her praecipe for transcript, her bill of exceptions and perfected this appeal. The appellant assigns as error two propositions:

"1. The award of the full board is contrary to law.
2. The award of the full board, dismissing the Appellant's Form #14 Application for review of award on account of a change in conditions, is contary to law."

A careful review of the proposition submitted by the appellant indicated that the correctness of the order of the full board must be determined by an examination of the statute applicable in this appeal, namely Acts of 1929, Ch. 172, Sec. 45, as amended by the Acts of 1947, Ch. 162, Sec. 12, and as found in Burns' 1952 Replacement, Section 40-1410.

The pertinent part of the statute governing this matter is contained in the third paragraph and reads as follows:

" . . . except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the last date for which compensation was paid."

This language is clear and unambiguous. While it is true in this case that the award was made on the 14th day of October, 1961, the appellant in her application for the increase alleged that the compensation awarded was paid for a period ending the 22nd of November, 1960, and this application was not filed until the 2nd day of January, 1962. It is therefore obvious that it was not filed within the time specified in the statute.

In the case of *Wilson* v. *Betz Corporation et al.* (1959), 130 Ind. App. 83, 159 N. E. 2d 402, this court

had before it a similar question. The appellant in that case was appealing from a dismissal of an application for a change of condition and the appellee had moved to dismiss for the reason that it had been filed late and the board was without jurisdiction. The appellant sought to toll the application of the statute by setting out that an appeal had been filed in the Appellate Court and that the period of time during which the appeal was under consideration relieved the appellant of filing the application until disposition of the appeal. The Appellate Court disagreed with such contention and cited the same portion of the statute above quoted. The court cited with approval *Swift & Co.* v. *Neal* (1939), 106 Ind. App. 139, 18 N. E. 2d 491, and *Pedlow* v. *Swartz Electric Co.* (1918), 68 Ind. App. 400, 405, 120 N. E. 603. The court also in quoting from *Miles* v. *Indiana Service Corporation* (1933), 97 Ind. App. 400, 185 N. E. 460 stated:

> "Courts have no authority to make contracts or to read into statutes that which is not within the clear intent and meaning of the act."

We see no reason to change the construction of the statute arrived at in *Wilson* v. *Betz Corporation et al.,* *supra,* and we further reaffirm our position stated many times that we will not legislate by judicial opinion.

Judgment affirmed.

Cooper, and Ryan, JJ., concur.

While Judge Clements participated in the hearing of oral argument and a conference of the judges, he was not present at the time of, and did not participate in, the adoption of this opinion.

## ON PETITION FOR REHEARING.

CARSON, C. J.—The court having examined the appellant's petition for rehearing in the above entitled cause now finds:

1. That the appellant is correct in that the period for which compensation was paid on the award terminated the 22nd of November, 1960, rather than the 28th of November, 1960. The error in date was caused by the fact that the court relied upon the date as set out in the appellant's brief. However, this change of date has no bearing on the results in the opinion.

2. We note from an examination of the transcript at page 15, the form #14 application for review of award on account of a change of conditions filed by the appellant herein contains the following statement:

"That compensation has been paid on said award to the 22nd day of November, 1960."

It is clear from this that the appellant admits that the compensation which was paid was for a period which terminated on the 22nd day of November, 1960.

3. The statute quoted in the original opinion is clear and unambiguous and the form 14 filed on the 2nd day of January, 1962, was more than one year after the final date for which compensation was paid. The date in which the award was fixed by the board is not the controlling date.

4. The fact that this court did not pass on other questions as pointed out by the appellant in her petition for rehearing does not persuade this court to change its original opinion. The Industrial Board determined that it did not have jurisdiction, the other questions therefore are moot.

Petition for rehearing denied.

NOTE.—Reported in 195 N. E. 2d 875. Rehearing denied 196 N. E. 2d 756.