MARGUERITE GIBSON *v.* THE INDUSTRIAL BOARD OF INDIANA, ROBERT W. MCNEVIN, RICHARD J. NOES, RICHARD J. CRONIN, JOHN J. MCDONAGH, RICHARD F. DETAR, RAYMOND KICKBUST, AND G. TERRENCE CORIDEN, AS MEMBERS OF AND CONSTITUTING A QUORUM OF THE INDUSTRIAL BOARD OF INDIANA; AND PHILCO-FORD CORPORATION

[No. 2-576A207. Filed May 30, 1978.]

*Clyde Williams, Jr., Williams, Delaney and Simkin*, of Richmond, for appellant.

*James E. Dowling, Rocap, Rocap, Reese and Young*, of Indianapolis, for appellee.

HOFFMAN, J.—Plaintiff-appellee Marguerite Gibson sustained an accidental injury arising out of and in the course of her employment with defendant-appellee Philco-Ford Corporation. The injury occurred on October 3, 1969, when certain rough material on an assembly line caught under a hair-pin bin, knocking the bin off the table and causing it to strike appellant's left arm. Appellant suffered contusions of the left forearm and hand which resulted in temporary total disability beginning November 4, 1969.

On December 4, 1969, the parties filed an "Agreement as to Temporary Total Disability" whereby appellant was to receive compensation each week beginning November 4, 1969, until terminated in accordance with the provisions of the Workmen's Compensation Law. On the same day, an "Industrial Board of Indiana Memorandum of Compensation Payments" was filed disclosing that the employer, Philco-Ford, had paid two weeks compensation to appellant ending December 1, 1969, and that such payments had ceased because appellant had returned to work on December 1, 1969.

On June 18, 1971, the parties filed an "Agreement as to Permanent Partial Impairment" in which appellant was to receive six weeks compensation on an impairment rating of 3% of the arm below the elbow. Such compensation was payable monthly beginning November 4, 1969.[1]

---

1. Although the agreement stated the compensation for permanent partial impairment should commence November 4, 1971, rather than 1969, the parties themselves treated

Appellant also filed a statement with the Board indicating that she accepted the physician's statement as to the extent of her permanent partial impairment and asking that the agreement awarding six weeks compensation be approved. The agreement was approved by the Board on June 21, 1971. On June 25, 1971, an "Industrial Board of Indiana Memorandum of Compensation Payments" was filed stating that the employer had paid eight weeks compensation beginning November 11, 1969, to December 1, 1969, inclusive and that the payment of compensation had ceased because the payments for permanent partial impairment, as per award, had been completed.

On May 26, 1972, appellant filed an "Application for the Review of Award on Account of a Change in Conditions," alleging, *inter alia*, that her disability has recurred since the date of the award, her disability has increased since the date of the award, the injury resulted in a permanent partial impairment and the permanent partial impairment has increased since the date of the award.[2]

Subsequently, the employer filed a motion to dismiss. After a hearing thereon by a Hearing Member of the Industrial Board, it was determined that the Board was without jurisdiction to consider the petition for modification because of the limitations provisions of IC 1971, 22-3-3-27 (Burns Code Ed.). Review by the Full Board likewise determined that it was without jurisdiction to consider the petition to modify the award.

The issues presented for our review are whether the Industrial Board properly determined that appellant was barred from filing a petition for modification and whether the statute denies appellant Due Process of Law since it permits the limitations period to expire without affording her an opportunity to petition for modification.

IC 1971, 22-3-3-27, *supra*, also referred to as Section 45 of the Workmen's Compensation Act, provides a general two-year statute of

---

the time period as commencing in 1969. The employer's motion to dismiss stated that such compensation payments were "for the time following the accident until December, 1969 or at the latest January 1970." Likewise in "Plaintiff's Motion to Deny Defendant's Motion to Dismiss and Memorandum," appellant stated that the award was "for the period beginning October, 1969." It was not until appellant filed her brief that the inconsistency in the years is noted.

2. Appellant's issues on appeal are limited to the provisions relating to permanent partial impairment.

limitations for modifications of awards "except that applications for increased permanent partial impairment are barred unless filed without one [1] year from the last day for which compensation was paid."[3]

It has been stated that modification provisions in workmen's compensation statutes are a legislative recognition of the fact that although the Industrial Board's diagnosis of the employee's condition at the time of the hearing may be entirely accurate, that condition may later change for the worse, improve, or clear up altogether. 3 Larson, *Workmen's Compensation Law*, § 81.10, at 15-470 (1976). Thus, IC 1971, 22-3-3-27, *supra*, permits a modification due to changes in circumstances which might continue, terminate, decrease or extend the compensation payments.

Time limitations on the power to modify awards is a recognition of the administrative and practical difficulties on an unlimited jurisdiction to modify awards to meet current conditions. 3 Larson, *Workmen's Compensation Law* § 81.10 *supra*. The Indiana Legislature set certain time limits within which an award could be modified. IC 1971, 22-3-3-27, *supra*, permits a party to apply for a modification of award due to an increase in permanent partial impairment within one year from the last date for which compensation was paid. An important feature of this one-year limitation period is the point in time from which the period commences to run. In this respect, it should be noted that the Legislature did not choose a specified period of time

---

3. The statute provides as follows:

"The power and jurisdiction of the industrial board over each case shall be continuing and from time to time, it may, upon its own motion or upon the application of either party, on account of a change in conditions, make such modification or change in the award, ending, lessening, continuing or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just, subject to the maximum and minimum provided for in this act [22-3-2-1 — 22-3-6-3].

"Upon making any such change, the board shall immediately send to each of the parties a copy of the modified award. No such modification shall affect the previous award as to any money paid thereunder.

"The board shall not make any such modification upon its own motion, nor shall any application therefor be filed by either party after the expiration of two [2] years from the last day for which compensation was paid under the original award made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one [1] year from the last day for which compensation was paid. The board may at any time correct any clerical error in any finding or award."

after the date of the injury, or after the date of the award, or after the last payment of compensation. *See*: Annot., 165 A.L.R. 9 (1946). Rather, the Legislature chose the last day *for which* compensation was paid. Such phrase has always been taken to require an application to be filed within one year from the distal end of the compensation period fixed in previous awards.

*Breeden v. Swifty Oil Co., Inc.* (1977), 174 Ind. App. 275, 366 N.E.2d 1206;

*Milner v. R.C.A.* (1964), 136 Ind. App. 218, 195 N.E.2d 875 (transfer denied);

*Wilson v. Betz Corporation, et al.* (1959), 130 Ind. App. 83, 159 N.E.2d 402 (transfer denied).

The date in which the award was fixed by the Industrial Board is not the controlling date. *Milner v. R.C.A.* (1964), *supra*, 136 Ind. App. 218, 195 N.E.2d 875, *reh. denied*, 136 Ind. App. 222, 196 N.E.2d 756.

In choosing such reference point to commence the running of the statutory period, the Legislature has built in a feature which accomplishes other objectives. For example, successive modifications tacked to previous awards can extend the period in which to apply for future increased permanent partial impairment. *Bagwell v. Chrysler Corporation* (1976), 168 Ind. App. 110, 341 N.E.2d 799. However, in instances of less severe injuries such as the case at bar, the limitations mechanism, when viewed with respect to the rendition of an award, operates to preclude or decrease the time within which an award may be modified.

*Breeden v. Swifty Oil Co., Inc., supra*, (limitations period to apply for a modification expired eight days after award was entered);

*Milner v. R.C.A., supra*, (limitations expired six weeks after award).

Thus "the last day for which compensation was paid" could materially effect the time within which a petition to modify could be brought after the rendition of an award. In the case at bar, the one year expired before the award was entered. The question then becomes whether an employee may be so precluded from filing a petition to modify consistent with the requirements of Due Process of Law.

Relying on *Town of Speedway v. Harris* (1976), 169 Ind. App. 100, 346 N.E.2d 646, appellant contends that she has a property interest in applying for a modification of award and that such interest gives her the right to be heard at a meaningful time and in a meaningful manner. On the issue of appellate review, the United States Supreme Court has held that if a full and fair trial on the merits is provided, the Due Process Clause of the Fourteenth Amendment does not require a state to provide for an appeal.

*Lindsey v. Normet* (1972), 405 U.S. 56, 92 S.Ct. 862, 31 L.Ed.2d 36;

*Griffin v. People of the State of Illinois* (1956), 351 U.S. 12, 76 S.Ct. 585, 100 L.Ed. 891.

Similarly, rehearings or new trials are not essential due process requirements in administrative proceedings. 16A C.J.S. Constitutional Law, § 628, at 849, 866. This reasoning applies with equal force to modifications of workmen's compensation awards. In the case at bar, appellant was afforded an opportunity to be heard on her claim before the entry of an award. Consequently, a modification of the award was not required to satisfy the requirements of due process.

The Legislature has nevertheless provided a vehicle for the modification of awards in workmen's compensation cases. In those instances where an appeal is permitted, the United States Supreme Court has stated that it cannot be granted to some litigants and arbitrarily or capriciously denied to others without violating the Equal Protection Clause.

*Lindsey v. Normet, supra;*

*Griffin v. People of the State of Illinois, supra.*

However, since there is no vested right of appeal, the question being one of legislative discretion to be given or withheld as the Legislature sees fit, the Legislature can limit the ability to appeal to cases in which the amount involved exceeds a prescribed sum.

*Gary Rys. Co. v. Cinkoski* (1942), 111 Ind. App. 458, 41 N.E.2d 660;

*Catherwood v. McIntyre* (1934), 99 Ind. App. 220, 192 N.E. 109.

In effect, this is what occurs under the modification statute. The

Workmen's Compensation Act translates the severity of the injury into weeks of compensation. Thus, the triggering mechanism which commences the running of the one-year statute could restrict the ability to apply for a modification in cases of less severe injuries such as the case at bar. The Legislature, in adopting such a triggering mechanism, has chosen to give finality to such cases. And, a classification having some reasonable basis is not offensive to the Equal Protection Clause merely because it is not made with mathematical nicety or because in practice it results in some inequality. *Bd. Comm'rs. v. Kokomo City Plan Comm.* (1975), 263 Ind. 282, 330 N.E.2d 92, 97. Appellant has not sustained her burden of proving that the statute is arbitrary. *Bd. Comm'rs. v. Kokomo City Plan Comm., supra.* Appellant having failed to present sufficient evidence to overcome the general presumption of constitutionality, the decision of the Industrial Board dismissing the petition for modification is affirmed.

Affirmed.

Buchanan, C.J., Participating by Designation, Concur.

Garrard, P.J. Concurs in Result with Opinion.

## OPINION CONCURRING IN RESULT

GARRARD, P.J.— While I concur with the result reached by the majority, I do so under a different analysis of the due process issue which has been raised concerning the modification of awards.

It seems to me that the right to which due process attaches is that of an employee injured in an industrial accident to recover for her injuries. It would therefore appear that an assessment of whether the statute affords due process should depend upon a consideration of the entire act, rather than merely one section, IC 22-3-3-27, which deals with the modification of awards.

The specific provision attacked permits modification of an award to either increase or decrease the amount of permanent partial impairment because of a changed condition within specified time limits. As discussed by the majority, the statutory period for modification commences to run as of the last date for which compensation was paid under the original award. As urged by appellant, when considered apart from

the balance of the act and the facts of the given case, the operation of this section creates an appearance of unfairness for those originally awarded a small permanent partial impairment. Indeed, the period to seek a modification (as here) may well have "expired" when the original award is entered.

However, when the entire statute and the rights it affords are considered one must conclude that the appearance of unfairness is illusory (and for this reason is, additionally, particularly unfortunate).

The statutory purpose is to provide injured employees who qualify for benefits the full amount to which they are entitled under its various provisions. The statute also imposes time limitations for the assertion of liability similar to those imposed in civil actions. In this regard, however, the statute departs from the principal of finality which normally attends civil litigation by permitting the modification of final awards for a one-year period according to the section in question.

For those originally determined to have suffered substantial permanent impairment the effect of this provision is to defer finality for a substantial period beyond the two year limitation generally applicable for filing claims. *See* IC 22-3-3-3. This does not, however, mean that those originally determined to have suffered little impairment were denied the year's time within which to assure themselves of the correctness of the award.

I believe this is well illustrated by two of the specifications urged by Gibson. Her issue (2) queries whether she should be "compelled to file for a modification . . . prior to an initial award notwithstanding [that] no modification petition may be filed prior to an initial adjudication of the claim by the Board?" Similarly, (3) questions whether the act requires her to attempt "to perform an 'impossible task;' that is, to file for additional benefits, where no initial benefit rights have ripened into existence?"

The answers to these questions are apparent when one considers that Gibson's right is not to secure an award *and* have it modified. Her right is to recover for her injuries. This is well illustrated by the facts at hand.

Upon the award made she was entitled to six (6) weeks benefits for

permanent impairment. These were to commence as of the end of her tempoary disability on November 4, 1969. Under the modification section she and her employer were to be accorded one year from the end of the six week period, or until December 17, 1970, to determine whether there was a change in circumstances which required a modification so that she would receive the correct impairment award for her injury. Because no award had been made both parties, in fact, received more time than this in which to determine the extent of impairment. Nearly six months later on June 10, 1971 both *agreed* that *the extent of her impairment* was equivalent to six weeks, and on June 21st the Board approved the award. She was not deprived of the ability to recover for her injury because she was not limited by the impairment claimed by her original Form 9. Instead, she was entitled to prove at the Board hearing the extent of her impairment.

The statute did not deny her due process and the decision should be affirmed.

NOTE—Reported at 376 N.E.2d 502.