**GRAND LODGE FREE & ACCEPTED MASONS, Appellant–Defendant,**

v.

**Susan Ann JONES, Appellee–Plaintiff.**

No. 93A02–9108–EX–360.

Court of Appeals of Indiana,
Fourth District.

April 22, 1992.

James E. Dowling, Lulich, Murphy & Dowling, Indianapolis, for appellant-defendant.

Edward F. Kelly, Indianapolis, for appellee-plaintiff.

CONOVER, Judge.

The Worker's Compensation Board (Board) granted Susan Ann Jones (Jones) compensation for injuries sustained in a work-related accident. IND.CODE 22–3–3–2, *et seq.* Jones's employer, Grand Lodge Free & Accepted Masons (Grand Lodge) appeals claiming the Board lacks authority to award medical benefits for palliative methods.

We affirm.

Grand Lodge presents three issues which we consolidate as one:

1. whether the Full Board, pursuant to IC 22–3–3–4, had jurisdiction and authority to award medical benefits extending to palliative methods.

On October 11, 1986, Jones was employed as a dish room employee for Grand Lodge. She received serious back injuries in the course of her employment when lifting a heavy crate to her cart.

Her back injuries became permanent and she suffers from permanent partial impairment of 10% to the person as a whole. Grand Lodge paid her temporary total disability benefits for 52 weeks, plus an additional $371.71.

On December 11, 1990, the hearing judge found in pertinent part:

1. That plaintiff uses 4 electrodes a month [for her TENS unit] prescribed by Dr. Silbert [Grand Lodge's physician] at a cost of $132.00 a month,[1] and

2. That defendant shall be responsible for plaintiff's rehabilitation.

(R. 15). Having found Grand Lodge responsible for Jones's rehabilitation, the judge ordered it to pay $132 a month, or $1,584 per year for Jones's TENS unit.

Grand Lodge then filed an application for review by the Full Board contending the hearing judge's award was not supported by sufficient evidence and was contrary to law. Grand Lodge specifically objected to the order of future rehabilitation.

On August 9, 1991, the Full Board (one member dissenting), held in pertinent part:

It is further found that Dr. Silbert's permanent partial impairment rating, upon which this Board is basing its decision, took into consideration the use of a TENS unit, which unit is utilized to reduce pain, and pain is an element of a permanent partial impairment rating.

It is further found that since the TENS unit reduces pain, it is used therefore to reduce or limit the degree of permanent partial impairment of the plaintiff.

It is further found that the defendant should be responsible for the ongoing cost of the use of said TENS unit so long as Dr. Silbert or his appointed successor shall so prescribe the use of the unit.

(R. 29). Contending the Board lacked jurisdiction to order payments beyond the control of a case, Grand Lodge appeals.

When reviewing findings and conclusions of the Board, we consider only that evidence which tends to support its determination, together with any uncontradicted adverse evidence. *Talas v. Correct Piping Co., Inc.* (1982), Ind., 435 N.E.2d 22, 26. Only when the evidence leads unalterably to a conclusion contrary to that reached by the Board will its decision be disturbed. *Id.*

A decision is contrary to law when the evidence is without conflict and all reasonable inferences to be drawn therefrom lead to but one conclusion and the Board has reached a different one. *Charles F. Broughton, D.M.D., P.C. v. Riehle* (1987), Ind.App., 512 N.E.2d 1133, 1136. In making such a determination we will neither weigh the evidence nor judge the credibility of witnesses. *Rensing v. Indiana State University Bd. of Trustees* (1983), Ind., 444 N.E.2d 1170, 1172. When a conflict in the evidence arises we will consider only the evidence tending to support the Board's award and which is most favorable to the appellee. *Id.* Given substantial evidence supporting its determination, the Board's ultimate factual conclusion must be upheld although this Court

---

1. A TENS unit, as defined by Dr. Silbert, is a device used solely to reduce a patient's pain, and to reduce a patient's reliance on oral medications. Dr. Silbert opined the unit does not cause a cure, or alter the percentage of permanent partial impairment in a patient. (R. 27).

might have reached another had it been the trier of fact. *National Biscuit Co. v. Roth* (1925), 83 Ind.App. 21, 146 N.E. 410, 412.

■ Grand Lodge first claims the Board cannot extend its jurisdiction by ordering compliance after the expiration of jurisdiction. Relying on *Gibson v. Industrial Board* (1978), 176 Ind.App. 489, 376 N.E.2d 502, 503, Grand Lodge argues the Board lost jurisdiction and authority to order future action because the award was entered after one year following the last day for which compensation was paid.

In *Gibson,* a Board member determined he was without jurisdiction to consider a plaintiff's modification petition because IC 22-3-3-27 (Burns Code Ed.1971) limited such review. 376 N.E.2d at 503. Likewise, the Full Board determined it was without jurisdiction to consider the petition to modify the award. *Id.*

Grand Lodge contends the same situation which occurred in *Gibson,* has occurred here. It claims the one year limitations period expired before the Board's award was entered. Grand Lodge's reliance on *Gibson* is misplaced, as it assumes the Board modified the order.

In Jones's case, unlike *Gibson,* no modification of an award is at issue. The Full Board did not modify the hearing judge's award. It merely affirmed the hearing judge's order after Grand Lodge appealed. Jones did not petition for modification. Thus, Grand Lodge cannot rely on *Gibson* to support its limitations argument.

■ Grand Lodge next maintains the Board cannot control payments beyond its own jurisdiction in cases of permanent partial impairment. Grand Lodge further claims the Board cannot order payment for medical services, namely the TENS unit, because the unit does not limit and reduce the amount and extent of Jones's impairment. While we agree an agency cannot exceed its jurisdiction, the Board did not do so here.

Whether medical benefits extend to palliative steps useful only to prevent pain and discomfort after all hope of cure is gone has produced a split of opinion throughout the states. *See* 2 A. Larson, *The Law of Workman's Compensation* § 61.14, 10–91 (1989). A ruling favorable to palliative measures hinges on the phrasing of the applicable worker's compensation statute. *Id.* at 10–97. Where the statute allows extended payments to effect "cure or rehabilitation" it has been held that diathermy to relieve pain, in a case of no hope of improvement or cure, could not be included in medical benefits. *LeClair v. Textron Mills, Inc.* (1950), 77 R.I. 318, 75 A.2d 309. In states where palliative methods are disallowed, the applicable statutes limit care to that which will substantially result in restoring earning power. *See Noel v. Workmen's Comp. App. Bd.,* (1982), 70 Pa.Cmwlth. 567, 453 A.2d 724.

However, our supreme court has determined even under Indiana's restrictive statute, palliative treatment methods are allowed. *Talas v. Correct Piping Co.* (1982), Ind., 435 N.E.2d 22, 27. As a result of an industrial accident, the claimant in *Talas* became a permanent quadriplegic. Although his condition remained stable, no hope of cure existed. Our supreme court reversed the Board and awarded benefits for continuing palliative care. *Id.*

Our supreme court concluded nursing care which was required to prevent the development of life-threatening diseases could be said to limit the claimant's impairment by keeping him from 100% impairment, or death. *Id.* Thus, it allowed palliative methods under IC 22-3-3-4.

Here, as in *Talas,* the Board had discretion to award an employee continuing medical expenses for a time period which it deemed necessary to limit or reduce the amount and extent of such impairment. *Gregg v. Sun Oil Co.* (1979), Ind.App., 388 N.E.2d 588, 591.

The Board found Jones's pain could be reduced by use of the TENS unit and such pain reduction would limit the extent of her impairment. (R. 30). IC 22-3-3-4 allows the Board to award prospective noncurative relief to limit or reduce the amount and extent of impairment. The Board determined to the extent Jones's pain is reduced, the "amount" of her impairment is re-

duced. (R. 30–31). Such pain relief may result in Jones's restored ability to perform tasks and functions she may have been previously unable to perform. Thus, the Board's award to Jones was not contrary to law.

Finally, Grand Lodge complains the Board lacks authority to order a particular pain medication or require a particular physician to treat an employee indefinitely. Grand Lodge's argument is without merit. The Board held:

It is further found that the defendant should be responsible for the ongoing cost of the use of said TENS unit so long as Dr. Silbert or his appointed successor shall so prescribe the use of the unit.

(R. 30). The order's language is clear and unambiguous. Such treatment is to continue only so long as it is prescribed, not indefinitely.

Affirmed.

CHEZEM and GARRARD, JJ., concur.