Nick R. OWENS, Caroline Owens, Cloe Owens and Nikki Owens, Appellants–Plaintiffs,

v.

DSM ENGINEERING PLASTICS, INC., Appellee–Defendant.

No. 49A05–9401–CV–31.

Court of Appeals of Indiana, Fifth District.

Oct. 24, 1994.

4. The evidence disclosed that Guarantee had approximately $159,000,000.00 in assets.

Earl C. Townsend, Jr., Townsend & Townsend, Indianapolis, for appellants.

Kevin C. Schiferl, Locke Reynolds Boyd & Weisell, Indianapolis, for appellee.

## OPINION

SHARPNACK, Chief Judge.

The trial court granted a summary judgment to the appellee DSM Engineering Plastics, Inc. (DSM) and against the appellants Nick, Caroline, Cloe, and Nikki Owens (the Owenses) on the Owenses' complaint for damages related to personal injuries sustained by Nick Owens while working at his employment by DSM. The basis for the trial court's decision was that the action was barred by Indiana Code § 22–3–2–6, which provides that the remedy provided by the Worker's Compensation Act (the Act) is the exclusive remedy for an employee against an employer for injuries caused by accident arising out of and in the course of the employment and that the Owenses had failed to demonstrate a genuine issue of material fact that the injuries were the result of intention-

al conduct by the employer, DSM, and, therefore not barred. *See Evans v. Yankeetown Dock Corp.* (1986), Ind., 491 N.E.2d 969, 973, *reh'g denied* (Act found to be exclusive remedy for an employee against his employer if the employee's personal injury occurred "by accident," arose "out of employment," and arose "in the course of his employment"). The Owenses' principal argument to us is that they did show enough to create an issue of fact as to intentional wrongdoing.

If the claim of the Owenses is one for which the Act provides the exclusive remedy, the trial court has no jurisdiction of the subject matter of the claim and the action cannot proceed in that court. *See Perry v. Stitzer Buick GMC, Inc.* (1994), Ind., 637 N.E.2d 1282, 1285 (citing *Wilson v. Betz Corp.* (1959), 130 Ind.App. 83, 91, 159 N.E.2d 402, 405; *Homan v. Belleville Lumber & Supply Co.* (1937), 104 Ind.App. 96, 8 N.E.2d 127). Our Supreme Court has recently clarified that the issue of subject matter jurisdiction cannot be resolved by means of summary judgment because the court has no jurisdiction to enter a judgment if it has no jurisdiction of the subject matter of the action. *See Id.* at 1286. The appropriate way to dispose of the issue of subject matter jurisdiction is by way of a motion to dismiss under Ind.Trial Rule 12(B)(1). *Id.*; *Foshee v. Shoney's, Inc.* (1994), Ind., 637 N.E.2d 1277, 1280. The case over which the court lacks jurisdiction is dismissed for want of jurisdiction and not adjudicated by way of summary judgment. *Perry*, 637 N.E.2d at 1286.

As we will explain, we agree with the trial court that the Act provides the exclusive remedy for the claims of the Owenses, but we reverse the entry of summary judgment and remand with instructions to dismiss the action for lack of jurisdiction.

Before we turn to resolution of the issue of the exclusivity of the Workers Compensation remedy for the injuries to Owen, a look at the facts is in order. The facts are not in dispute. On January 29, 1993, Nick Owens was severely injured while operating a forklift truck in the course of his employment

with DSM. He sustained his injuries while performing a procedure which had been used by DSM for over fifteen years. The procedure called for Owens to operate a forklift truck to drive a solid steel rod against a screw in an attempt to ram the screw forward and out of a pallet-making/plastic-forming machine. The two-inch by approximately fourteen-foot steel rod rammed backward into Owens' body, impaling him through his lower abdomen.

Before Owens' injury, the task had been performed by other DSM employees on various occasions. On several of those occasions, the steel rod had been rammed backward toward the forklift truck operator who avoided injury by braking quickly to stop the rod's approach and moving his body out of the way of the rod.

On April 26, 1993, the Owenses filed a complaint for damages and request for jury trial in the Marion County Superior Court. On May 7, 1993, DSM filed a motion to dismiss. On July 27, 1993, DSM moved to convert its motion to dismiss to a motion for summary judgment. After a hearing, the trial court granted DSM's motion for summary judgment on October 21, 1993, determining that the Owenses' claim was barred by the exclusivity provision of the Act.

Worker's compensation is governed by Article 3 of Title 22 of the Indiana Code. Under Ind.Code § 22–3–2–6,

> "[t]he rights and remedies granted to an employee subject to IC 22–3–2 through IC 22–3–6 on account of personal injury or death by accident *shall exclude all other rights and remedies* of such employee, the employee's personal representatives, dependents, or next of kin, at common law or otherwise, on account of such injury or death, except for remedies available under IC 5–2–6.1 [compensation for victims of violent crime]."

I.C. § 22–3–2–6. (emphasis added). Our supreme court has determined I.C. § 22–3–2–6 to be clear and unambiguous. *Evans,* 491 N.E.2d at 972.

■ This court established an intentional torts exception to I.C. § 22–3–2–6 in *National Can Corp. v. Jovanovich* (1987), Ind.App.,

503 N.E.2d 1224. Our supreme court, however, recently rejected the concept of an intentional torts exception. *See Baker v. Westinghouse Elec. Corp.* (1994), Ind., 637 N.E.2d 1271. Instead, the supreme court has determined

> "the act itself does not include employers' intentional torts within its coverage. The exclusivity provision is expressly limited to personal injury or death arising out of and in the course of employment which occurs 'by accident.' Because we believe an injury occurs 'by accident' only when it is intended by neither the employee nor the employer, the intentional torts of an employer are necessarily beyond the pale of the act."

*Id.* at 1273. Our supreme court has determined that an intentional tort is an "exclusion" from the coverage of the Act rather than an "exception" to the exclusivity of remedy provision of the Act. *See Baker, supra.*

> "Under *Baker,* an injury is 'by accident' when it is intended neither by the victim-employee nor by the employer. Before an injury can be said to have been intended by an employer, two requirements must be met. First, the employer itself must have intended the injury. Inasmuch as the intentions of co-workers and third parties play no part in this consideration, many intentionally inflicted injuries must be deemed 'by accident' under the act. *See, e.g., Evans,* 491 N.E.2d 969 (fatal shooting of employee by co-worker held 'by accident'). Second, the employer-tortfeasor must act with the requisite level of intentionality. . . .

> Tortious intent will be imputed to an employer that is a legal entity or artificial person where either (1) the corporation is the tortfeasor's alter ego or (2) the corporation has substituted its will for that of the individual who committed the tortious acts. *Baker,* 637 N.E.2d at 1275–76. To prevail on the alter ego theory, the employee must show that both ownership and control of the corporation are in the tortfeasor's hands. *Id.* at 1275. Under the other prong of *Baker,* a corporation is chargeable with tortious intent when the individual who committed the tortious act

was acting pursuant to a policy or decision made through the corporation's regular decision-making channels by those with authority to do so. Because the requisite level of intentionality must also exist, injury to the employee must be shown to have been the intended product of the policy or decision at issue if the proponent of jurisdiction is to prevail."

*Perry*, 637 N.E.2d at 1287. To prevail on the alter ego theory, "the employee must show that both ownership and control of the corporation are in the tortfeasor's hands." *Id.*

The Owenses argue that the trial court erred in granting summary judgment because Nick Owens' injuries were the result of intentional wrongdoing on the part of DSM.[1] Upon review of the record, however, we find that the Owenses have failed to meet the requirements of the first prong of the *Baker* standard; that is, the Owenses have not presented sufficient facts to show that DSM deliberately intended to inflict Owens' injury or actually knew that the injury was certain to occur.

The facts of the instant case are similar to the facts of *Foshee, supra.* In *Foshee*, the employee, Foshee, was brutally injured by a co-employee who was fired after Foshee complained to management of repeated harassment by the employee. *Foshee*, 637 N.E.2d at 1279. In her complaint against Shoney's, Foshee contended that Shoney's engaged in culpable misconduct when it allowed events to transpire which posed "an imminent likelihood of injury or death to the Plaintiff and where this injury or death was substantially certain to occur." *Id.* In addition, Foshee argued that it was actionable misconduct for Shoney's to place "inexperienced and untrained" management personnel in the restaurant on the night in question. *Id.* Shoney's moved for a judgment on the pleadings, asserting that Foshee's tort claim was barred by the exclusivity provision of the Act, and that Foshee had thus failed to state a claim on which relief could be granted. *Id.* The trial court granted Shoney's motion and entered final judgment in its favor. *Id.* at 1280. This court affirmed the trial court's ruling, finding that Foshee's injuries arose out of her employment and were by accident. *Id.* In addition, this court held that Foshee's claim did not meet the requirements of the intentional tort exception. *Id.*

On transfer, our supreme court noted its rejection in *Baker* of the intentional tort exception found in *Jovanovich* and held that Foshee failed to satisfy the two prongs of the *Baker* standard. *Id.* at 1281. The supreme court stated:

"Except for her assertion that Shoney's placed inexperienced managers in the store, however, Foshee has not suggested the existence of any regularly made policy or decision of Shoney's which prompted her injuries. And, while she suggests that her injuries were not only substantially certain but imminently likely to occur given the conditions in the restaurant, to prevail on her argument Foshee would have to aver that employee injury was the *intended product* of the personnel decision upon which she relies."

*Id.* (emphasis in original).

Likewise, the Owenses have failed to show that Nick Owens' injuries were the intended product of the screw removal method used by DSM. We find the fact that the procedure performed by Owens was known by Owens' supervisor to be dangerous insufficient to show the intentionality on the part of DSM required by *Baker*. Moreover, the affidavits of Gary Fuchs, Nick Owens, and Curtis Lambert, alleging that they heard another supervisor state that the procedure had nearly injured other workers in the past, and the fact that the procedure was made safer following Owens' accident, at most, may show that DSM acted with wantonness and recklessness by persisting in using the procedure which caused Owens' injury. However, the Owenses have failed to show that DSM intended Nick Owens' injuries.

■ Accordingly, we find that the Owenses' claim against DSM falls within the Act's

---

1. Because of the *Baker* decision, primarily, we reject the Owenses' request that we apply the rule set forth in *Fyffe v. Jeno's, Inc.* (1991), 59 Ohio St.3d 115, 570 N.E.2d 1108, which established a lower threshold of proof of employer intent for the employee to overcome than was established by our supreme court in *Baker*.

coverage for injuries occurring "by accident" and therefore is barred by the exclusivity provision of the Worker's Compensation Act. For the reasons stated above, we reverse the trial court's entry of summary judgment and remand this cause to the trial court with instructions to dismiss for lack of subject matter jurisdiction.[2]

REVERSED and REMANDED.

RUCKER and RILEY, JJ., concur.

2. Because we disagree with DSM's argument that the Owenses' claim was frivolous, unreasonable, and groundless, we reject DSM's request for the award of attorney fees and costs for its having to defend this action in the trial court and on appeal.