**BLOOMINGTON HOSPITAL,**
Appellant–Defendant,

v.

**Robert STOFKO, Appellee–Plaintiff.**

No. 93A02–9808–EX–688.

Court of Appeals of Indiana.

Feb. 5, 1999.

Kathleen K. Shortridge, Ice Miller Donadio & Ryan, Indianapolis, Indiana, Attorney for Appellant.

John H. Shean, Shean Law Offices, Bloomington, Indiana, Attorney for Appellee.

## OPINION

ROBB, Judge.

Bloomington Hospital (the "Hospital") appeals the Worker's Compensation Board's (the "Board") order adopting the Single Hearing Member's award of future medical treatment for Hospital employee, Robert Stofko. We affirm.

### Issue

The Hospital presents the following restated issue for our consideration on appeal: whether the Board exceeded its jurisdiction in ordering the Hospital to furnish future medical treatment for Stofko.

### Facts and Procedural History

In the summer of 1993, Hospital employee Stofko was diagnosed with chronic Hepatitis C. Stofko had been employed at the Hospital for approximately four years prior to this diagnosis, and the parties agree that Stofko contracted the disease in the course of his employment with the Hospital on or about August 24, 1993. R. 14. The Hospital provided medical care for Stofko's condition as required by statute. On August 10, 1995, Stofko filed a Form 9 Application for Adjustment of Claim with the Board. On March 31, 1997, the parties filed a Stipulation for Hearing and Agreed Statement of Facts in which the parties agreed that the Hepatitis C "resulted in a 5% permanent partial impairment to [Stofko's] whole person" and that he should accordingly be awarded five degrees of impairment at a rate of $500.00 per degree for the period beginning August 24, 1993 and

continuing through mid-October 1993. R. 33. The only remaining issue was the Hospital's provision of future medical treatment for Stofko. On April 2, 1997, a member of the Board approved the Agreed Statement of Facts and entered an award in accordance therewith. R. 37–38. The case was submitted to the Board for determination of the sole issue of whether the Hospital should be required to provide all future medical treatment for Stofko's chronic disease.

On April 16, 1998, a single Hearing Member made the following findings and conclusions based upon the parties' Agreed Statement of Facts and Stipulation for Hearing:

1. [Stofko] has made timely filing of his Application for Adjustment of Claim.

2. [Stofko] has shown that his condition requires future medical attention.

3. [The Hospital] is responsible for providing any and all medical services necessitated by [Stofko's] Hepatitis C condition. [The Hospital] shall select the appropriate medical providers for such services. [The Hospital] is also responsible for payment of any unpaid expenses for such services incurred to date regardless of their authorization.

4. This Award shall remain in effect until modified, altered or rescinded upon motion of the parties or the [Board].

Said Hearing Member now finds for [Stofko] and against [the Hospital] on [Stofko's] Application for Adjustment of Claim filed August 7, 1995, regarding future medical care.

R. 102. The Hospital then filed an Application for Review by the Full Board. The Full Board entered the following order on July 31, 1998:

That the Full Worker's Compensation Board of Indiana by the majority of its members now finds:

1. In his November 18, 1996, report, Dr. Lawrence Born noted:

The difficulty arises in that the natural history of hepatitis C is one that covers decades. In what is now thought to be 20 to 25% of patients with long-term infection with hepatitis C that develop cirrhosis, this can take

as much as 20 years. For 5 to 10% of those that die because of hepatitis C, it can take as long as 30 years. Accordingly, this disease is one that is marked by a long period of time between initial infection and onset of complications. The repercussions of the long term infection with hepatitis C can be severe and it currently is one of the most frequent reasons for liver transplantation in the country.

2. Dr. Jitender Bhandari made multiple notes to the effect that [Stofko] will need regular ongoing tests for hepatitis.

3. The ongoing medical care recommended by [Stofko's] treating physicians is necessary to limit or reduce his stipulated permanent partial impairment.

4. The evidence presented shows that [Stofko's] condition creates a reasonably foreseeable probability of his need for long-term medical care. Such medical care is limited to conditions, symptomatology and testing for [Stofko's] hepatitis C disease.

It is further found that the Full Worker's Compensation Board of Indiana by the majority of its members adopts the Single Hearing Member's decision.

R. 166–67. The Hospital now appeals the decision of the Full Board.

*Discussion and Decision*

██ When reviewing a decision of the Workers' Compensation Board, we are bound by the factual determinations of the Board and will not disturb them unless the evidence is undisputed and leads inescapably to a contrary conclusion. *Rogers v. Bethlehem Steel Corp.*, 655 N.E.2d 73, 75 (Ind.Ct.App.1995). A decision is contrary to law when the evidence is without conflict and all reasonable inferences to be drawn therefrom lead to but one conclusion and the Board has reached a different one. *Grand Lodge Free & Accepted Masons v. Jones*, 590 N.E.2d 653, 654 (Ind.Ct.App.1992). In making this determination, we must disregard all unfavorable evidence and examine only that evidence and the reasonable inferences therefrom which support the Board's findings. *Four Star Fabricators, Inc. v. Barrett*, 638 N.E.2d 792, 794 (Ind.Ct.App.1994). Further, this court neither reweighs the evidence nor judges the credibility of the witnesses. *Id.* We pay due deference to the interpretation of a statute by the administrative agency charged with its enforcement in light of its expertise in its given area. *Natural Resources Comm'n v. Porter County*, 576 N.E.2d 587, 589 (Ind. 1991).

██ The Hospital contends that the Board's continuing jurisdiction to modify awards is not unlimited, but is subject to the requirements of Indiana Code sections 22–3–7–17 [1] and 22–3–7–27.[2] Brief of Appellant at

1. During the period of disablement resulting from the occupational disease, the employer shall furnish such physician, services, and supplies, and the worker's compensation board may, on proper application of either party, require that treatment by such physician and such services and supplies be furnished by or on behalf of the employer as the board may deem reasonably necessary. *After an employee's occupational disease has been adjudicated by agreement or award* on the basis of permanent partial impairment and within the statutory period for review in such case as provided in section 27(i) of this chapter, the employer may continue to furnish a physician or a surgeon and other medical services and supplies, and *the board may, within the statutory period for review as provided in section 27(i)* of this chapter, on a proper application of either party, require that treatment by such physician or surgeon and such services and supplies be furnished by and on behalf of the employer as the board may deem necessary to limit or

reduce the amount and extent of such impairment.
Ind.Code § 22–3–7–17(b) (emphasis added).

2. *The power and jurisdiction of the worker's compensation board over each case shall be continuing,* and, from time to time, it may, upon its own motion or upon the application of either party on account of a change in conditions, make such *modification or change* in the award ending, lessening, continuing, or extending the payments previously awarded, either by agreement or upon hearing, as it may deem just.... The board shall not make any such *modification* upon its own motion, nor shall any application therefor be filed by either party after the expiration of two (2) years from the last day for which compensation was paid under the *original award* made either by agreement or upon hearing, except that applications for increased permanent partial impairment are barred unless filed within one (1) year from the first day for which compensation was paid.

14–15. The Hospital urges us to interpret those sections as limiting the period of time for which the Board can order an employer to provide medical services to a maximum of one year from the first day for which compensation was paid to the employee for permanent partial impairment. Thus, the Hospital contends that the Board exceeded its jurisdiction in ordering the Hospital to provide Stofko with medical services in perpetuity.

Although we agree with the Hospital that Indiana Code sections 22–3–7–17 and 22–3–7–27 restrict the *modification* of awards, no modification of an award is at issue in this case. Stofko filed an Application for Adjustment of Claim with the Board on or about August 7, 1995, requesting a hearing for the purpose of determining "a PPI [permanent partial impairment] rating and payment of medical expenses." R. 8. Said application was filed within two years of the date of disablement as required by statute. Ind. Code § 22–3–7–32. The parties thereafter agreed as to the permanent partial impairment compensation but left for the Board the issue of future medical expenses. When the Board entered its award finding that Stofko was entitled to payment of all future medical expenses associated with his occupational disease, it was part and parcel of the "original award" of compensation which also included the agreed-to compensation for P.P.I. The statutes which the Hospital has cited as limiting the Board's jurisdiction to make such an award contemplate that a full award has been made on the employee's claim and that a subsequent modification of that original award is being sought.

In a case decided pursuant to the Worker's Compensation Act, this court considered a similar issue on similar facts. *Grand Lodge Free & Accepted Masons v. Jones*, 590 N.E.2d 653 (Ind.Ct.App.1992). *See In re Jefferies*, 105 Ind.App. 349, 14 N.E.2d 751, 752 (1938) (declaring that the rules controlling the administration and construction of the Worker's Compensation Act are applicable to the Worker's Occupational Diseases Compensation Act). Jones injured her back on October 11, 1986, in the course of her employment with Grand Lodge. Grand Lodge paid her temporary total disability for 52 weeks. Her injuries resulted in a 10% permanent partial impairment to the person as a whole. On December 11, 1990, a single hearing member of the Board determined that Grand Lodge was to be responsible for the future costs of a rehabilitative device used by Jones. On Grand Lodge's application for review, the full Board adopted the single hearing member's award, specifically finding that the rehabilitative device was used to reduce or limit Jones's degree of permanent partial impairment. Grand Lodge appealed. *Grand Lodge*, 590 N.E.2d at 654.

This court considered whether the Board had the jurisdiction and authority pursuant to Indiana Code sections 22–3–3–4 (analogous to section 22–3–7–17) and 22–3–3–27 (analogous to section 22–3–7–27) to award Jones future medical benefits. Relying on *Gibson v. Industrial Board*, 176 Ind.App. 489, 376 N.E.2d 502 (1978), in which this court affirmed the Board's determination that it was without jurisdiction to consider an application to modify an award filed outside the one year limitations period of Indiana Code section 22–3–3–27, Grand Lodge argued that the Board lost jurisdiction to award medical benefits one year from the last day for which compensation was paid, or approximately October 11, 1988. This court rejected that argument because, as in the case at bar, Jones did not petition for modification, and therefore, the one year limitations period was inapplicable. *Grand Lodge*, 590 N.E.2d at 655.

Grand Lodge further argued that the Board cannot order payments beyond its own jurisdiction in cases of permanent partial impairment. This court, relying on the Indiana supreme court decision *Talas v. Correct Piping Co.*, 435 N.E.2d 22 (Ind.1982), held that Indiana Code section 22–3–3–4 allows the Board the discretion to award an employee continuing medical expenses for a time period which it deems necessary to limit or reduce the amount and extent of impairment. *Grand Lodge*, 590 N.E.2d at 655.

■ In deciding that the Board has jurisdiction as part of an original award of Occu-

Ind.Code § 22–3–7–27(i) (emphasis added).

pational Disease benefits to order payment of medical expenses for the lifetime of the employee, we are mindful that the Worker's Compensation Act and the Occupational Disease Act are for the benefit of the employee and that the Acts should be liberally construed so as not to negate their humane purposes. *Duncan v. George Moser Leather Co.*, 408 N.E.2d 1332, 1338 (Ind.Ct.App.1980) (citing *Frampton v. Central Indiana Gas Co.*, 260 Ind. 249, 251, 297 N.E.2d 425, 427 (1973)). A disease such as hepatitis C is a continuing problem which will most likely result in deteriorating health and increasing medical expenses over the lifetime of the sufferer. An employee who contracts such a disease in the course of his employment may not be adequately compensated by a lump sum payment at the onset of the disease, and the Board therefore has the discretion to award continuing medical expense payments.

The Board herein found that hepatitis C is a long-term infection the repercussions of which may not manifest themselves for many years and concluded that ongoing medical care for the conditions, symptomatology and testing for hepatitis C as recommended by his treating physicians is necessary to limit or reduce his stipulated impairment. Thus, the Board's award of future medical expenses to Stofko is not contrary to law.

Affirmed.

BAKER, J., and GARRARD, J., concur.