OPINION ON REHEARING
 

 ROBB, Judge
 

 This case is before us on a petition for rehearing filed by the Appellant-Defendant, Bloomington Hospital, requesting that this court reconsider its decision in
 
 Bloomington Hospital v. Stofko,
 
 705 N.E.2d 515 (Ind.Ct.App.1999). In our original opinion, we held that the Worker’s Compensation Board had properly awarded the expenses of future medical treatment to Stofko as part of its original award of compensation. We grant rehearing for the limited purpose of expanding upon our earlier discussion.
 

 In our original opinion, we held that Indiana Code sections 22-3-7-17 and 22-3-7-27 did not apply to limit the award of medical expenses under the circumstances of this case because Stofko was not seeking modification of an award, but a final determination of his original award. The Hospital calls this assessment “incomprehensible.” Appellant’s Brief in Support of Motion to Reconsider at 1. We stand by our earlier holding that these statutes do not apply to an award of future medical expenses as part of an original award of worker’s compensation benefits; however, we address the Hospital’s contention to show that, when carried through to its logical conclusion, the Hospital’s stance actually bolsters our holding.
 

 The interpretation urged by the Hospital is that sections 22-3-7-17 and 22-3-7-27 apply in every instance in which medical expenses are sought, regardless of the stage of the proceedings at which they are awarded. Moreover, the Hospital contends that the statutes limit the Board’s jurisdiction to awarding the furnishing of medical treatment for one year from the first day for which compensation was paid for an employee’s permanent partial impairment. Thus, the Board would have had the jurisdiction to order the Hospital to furnish medical treatment to Stofko only until August 24, 1994, which was one year from the first day for which he was paid permanent partial impairment compensation. However, Stofko’s Application for Adjustment of Claim was not filed until August 10, 1995, which was within the statutory two year time limit for filing a claim, and the agreement between Stofko
 
 *1179
 
 and the Hospital setting forth the impairment rating and compensation award and
 
 specifically reserving the issue of future medical treatment
 
 was not filed until March 31, 1997. Because worker’s compensation is paid in arrears, relating back to the date of disablement, the Hospital’s interpretation would have precluded Stofko from receiving medical expenses one year before he was even required to file his claim and nearly three years before he knew for what time frame he would ultimately be compensated. It is this result that we find incomprehensible.
 
 [1]
 

 In addition to requiring an impossible degree of foresight from applicants for worker’s compensation benefits, the Hospital’s interpretation ignores the language of Indiana Code section 22-3-7-17(b) which requires an employer to furnish medical services at least until the employee’s occupational disease has been adjudicated by agreement or award. In this case, Stofko’s occupational disease was not fully adjudicated until the Board’s award on July 31, 1998. Only if the Board had not awarded future medical expenses to Stofko on that date would any time limitations contained in the statutes have become relevant.
 

 The award of future medical expenses in favor of Stofko remains affirmed, and the petition for rehearing is, in all other respects, denied.
 

 BAKER, J., concurs.
 

 GARRARD, J., would deny petition for rehearing without opinion.
 

 [1]
 

 . We would caution counsel for the Hospital that referring to an opinion as "incomprehensible” when seeking reconsideration from the very judges who issued the opinion is unpersuasive and ill-advised. See
 
 WorldCom Network Services v. Thompson,
 
 698 N.E.2d 1233, 1236 n. 2 (“ ‘One rule of thumb when writing a brief is that there shouldn't be anything [in the brief] that is not calculated to persuade the reader.’ ” Mark Hansen,
 
 It Didn 't Please the Court,
 
 ABA Journal, May 20, 1998, at 20 (quoting Monroe Freedman, professor of legal ethics at Hofstra University School of Law)).